■ CONSOLIDATED MIDLAND CORPORATION, Appellant, v. COLUMBIA PHARMACEUTICAL CORPORATION, Respondent.— In an action to recover damages for negligence and breach of warranty, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered May 3, 1971, in favor of defendant, upon the dismissal of the complaint at the end of plaintiff's case at a nonjury trial. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. In our opinion, it was error for the trial court to refuse to admit into evidence plaintiff's exhibits which were marked 10 and 11 for identification. While we agree with the trial court that these exhibits could not be admitted under CPLR 4520, they should have been admitted under the common-law hearsay exception rule for official written statements, often called the " official entries " or " public document" rule. The common-law rule, which is much broader in scope, has not been superseded by CPLR 4520 (see *Richards* v. *Robin*, 178 App. Div. 535, 539; see, also, 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4520.01; 5 Wigmore, Evidence [3d ed.], § 1638a, n. 1; Practice Commentary on CPLR 4520 in McKinney's Cons. Laws of N. Y., Book 7B, p. 480). It should be noted, however, that since these exhibits are not admissible under CPLR 4520 they will not be " prima facie evidence of the facts " contained in them, but merely some evidence which the trier of the facts is free to disbelieve even though the adverse party offers no evidence on the point (see Supplementary Practice Commentary on CPLR 4520, by Professor Joseph M. McLaughlin, in McKinney's Cons. Laws of N. Y., Book 7B, Pocket Part; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4520.04). We feel it important to add, however, that in the instant case the trial court should afford plaintiff the opportunity of putting on the stand a person with sufficient expertise to explain the seemingly complicated analytical notations, at least with respect to exhibit 10. Without such a witness, the admission of

exhibit 10 into evidence would be meaningless. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.