Lawrence Newmark, J.
The defendants above named are charged with violation of section 25-0202 of the Environmental Conservation Law. The matters were tried together without a jury since the charges are identical as to each defendant.
The basic issues revolve around the dumping of fill. The only People’s witness to observe actual dumping was John Leeman, an Environmental Conservation Officer, who, from the roadway . some 25 to 30 feet distant, observed a load of fill or earth pushed over the bank, ip. his words “onto wetlands”. Examination of exhibits and other testimony indicated that from his position he could not have seen where the earth ended up. The testimony indicated, and the exhibits showed, that the bank was not a sharp bank. I find that there was no clear showing beyond a reasonable doubt that defendants dumped onto wetlands.
Under the terms of the statute the defendants could also be prosecuted. for dumping fill upon ‘ ‘ any area immediately adjacent to such wetland as the commissioner may reasonably deem necessary to preserve ”. (Environmental Conservation Law, § 25-0202 [subd. 1].) The question which must be determined herein is whether the defendants may be prosecuted under the “ adjacent ” clause of the statute by virtue of a determination of the commissioner, which was not filed with the Secretary of State, that all lands immediately adjacent to the tidal wetlands shall extend for a distance of 300 feet in any direction landward from the boundary of the tidal wetlands.
At the trial the Attorney-General offered into evidence a document purporting to be a determination of the Commissioner of Environmental Conservation pursuant to section 25-0202 qf *895 the Environmental Conservation Law. The Attorney-General renewed his offer as to this document after the conclusion of the trial. The document which bears the date November 12, 1973 was not in any way certified nor did it purport to be a copy of a document filed with the Secretary of State to become part of the. official regulations of the State. In fact, the Attorney-General specifically acknowledged that it had not been so filed at the time of the alleged offense and it had not beep filed at the time of the trial more than five months later. The document which was marked People’s No. 6 for identification was not received into evidence in the trial, nor will it now be received into evidence.
The Attorney-General has argued that regardless of whether the commissioner’s determination is deemed binding upon the defendants, that they may still be held liable because defendants ’ witnesses testified that the payloader was operating within 30 feet of the wetland, and the court should construe any area within 30 feet of a wetland to be immediately adjacent to the wetland. This argument is not convincing since the statute expressly makes it criminal only to alter the state of those areas “ adjacent to such wetland as the Commissioner may reasonably deem necessary to preserve in order to effectuate the policies and provisions of this act ’ ’. Therefore, only the Commissioner may determine and designate those adjacent areas which may not be altered and no discretion rests with the court to determine on a factual or case by case basis whether the particular area under consideration was adjacent as that term is used in the statute.
The Attorney-General has cited several cases which hold that an administrative guideline may be referred to by courts when interpreting statutes which make reference to such guidelines. (Hanover Bank v. Commissioner, 369 U. S. 672, 686; Matter of Howard v. Wyman, 28 N Y 2d 434; Baine v. Murphy, Inc., 70 N. Y. S. 2d 295.) These cases do not support the assertion that one may be charged with a criminal offense because of an unpublished determination of a regulatory agency that certain activity is criminal under a penal statute. One case relied upon . by the People, Hanover Bank v. Commissioner (supra), merely holds that rulings of an agency reveal the interpretation of a statute by that agency and it was further held therein that the petitioners could not rely on unpublished private rulings of the agency which were not specifically issued to them. Actually, this case is more supportive of the defendants ’ position than the People’s. In Matter of Howard v. Wyman (supra, p. 438) it was stated that the construction given to statutes by the agency responsible for their administration, if not irrational, should *896 be upheld by the courts. Again, this case does not support the People’s contention that an unpublished determination may, in harmony with due process, subject one to criminal liability.
The defendants argue that they may not be convicted .for altering adjacent lands because the term adjacent is not described in the statute, and the determination of the Commissioner of Environmental Conservation was not published and, therefore, not accessible to the defendants. This argument is correct as evidenced by the Court of Appeals decision in People v. Caswell-Massey Co. (6 N Y 2d 497). The court therein held (p. 501) that “ ‘ Statutes which create crimes must be definite in specifying conduct which is condemned or prohibited ’ and that ‘ They must afford some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements ’ [citations omitted]. A criminal statute must give ‘ unequivocal warnings ’ to citizens, of the rule which is to be obeyed, and, especially as to acts not mala per se, there must be a clear and positive expression of legislative intent to make them criminal [citations omitted].”
Finally, it would be unconstitutional to subject these defendants to .criminal liability due to the commissioner’s unpublished determination that adjacent lands include any lands within 300 feet of the high tide line since section 8 of article IV of the New York State Constitution expressly states that: “No rule or regulation made by any state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, bureau, authority or commission shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publications of such rules and regulations, by appropriate laws. ’ ’
Although the statute created a means whereby actions such as those engaged in by the defendants could be proscribed and made a violation of law, and although the Commissioner of Environmental Conservation apparently prepared a document which, if filed with the Secretary of State for publication, would have .made the acts proven here in violation of the law, for reasons solely known to him, the commissioner chose not to file the determination. In view of this fact and all the foregoing, the court has no alternative other than to find that the People have failed to prove the defendants guilty beyond a reasonable doubt and hence, find the defendants not guilty.