Jones, J.
The issue tendered by the defendants and the People in these cases is the admissibility of certain certificates offered by the prosecution to show, by way of foundation for the introduction of the results of breathalyzer tests, that the particular breathalyzer equipment utilized was in proper working order and that the ampoules used contained properly compounded chemicals.
There were certificates, addressed "To whom it may concern”, signed by the director of the State Police scientific laboratory in Albany, certifying as to the results of analyses of ampoules made on specified dates;, certificates addressed to the Director, Division of Criminal Justice Section of the Bureau for Municipal Police at Albany, signed by the Director of Analytical Laboratories of the Stiefel Research Institute, certifying as to the results of analyses of simulator solutions, and a report addressed to the Broome County Sheriff’s Department signed by a toxicologist at Wilson Memorial Hospital of analy *121 sis of ampoules. These certificates did not come within the scope of CPLR 4518; their source was not represented or shown to have been records made in the regular course of business of the public agency and the private corporations from which they came. Nor did the documents otherwise fall within any recognized exception to the hearsay rule. Accordingly, their receipt into evidence was error, and no assertion is now made that the results of the breathalyzer tests were admissible without them.
It would seem that the requirements of CPLR 4518 could very easily be met and thus its benefits be realized by the prosecution. If the testing agency or corporation were to establish a standardized testing procedure which included a requirement that there be a contemporaneous record made (with appropriate entries as to date, individual making the test, material tested, tests conducted, and results) such records would then presumably be records made in the regular course of business that it was the regular course of such business to make within the contemplation of CPLR 4518. In such event the originals, or copies in instances to which the provisions of subdivision (c) would be applicable, would be admissible in evidence to lay the necessary foundation for receipt of the results of breathalyzer tests.
It is worth adding another observation. Perhaps of greater importance than the procedural issue concerning the admissibility of particular forms of documentary evidence, is the underlying question of substantive law—what foundation must now be laid for the admission of breathalyzer results. Breathalyzer equipment and procedures have become familiar and their use is now commonplace. Reliability has been demonstrated and the results of such testing where properly performed are universally accepted. This is not to say, however, that no foundation should be any longer required for introduction of breathalyzer evidence. It is to say that there may now appropriately be some relaxation of the rigorous prerequisites properly required to authenticate the reliability of the scientific equipment and procedures where they were first employed. Based on a wealth of practical experience greater dependence can now properly be placed on according full opportunity, through pretrial discovery and other means, to test and challenge the probative worth of the evidence. Thus, emphasis may be shifted from technical issues of admissibility of evidence to means for measuring its persuasive *122 weight. No precise or even general guidelines can be laid down in advance; necessarily the requirements in each case will depend on the peculair circumstances of that case. We recognize that this may not assure litigants the degree of predictability each might understandably desire. We suggest, however, that while conformity to the more rigorous standards suggested here with respect to the provisions of CPLR 4518 will assure predictability, there will also be instances in which, based on the character rather than the form of the evidence, less exacting proof may be acceptable. To illustrate the perspective by extreme example, evidence of blood pressure readings and of electrocardiograms are generally received without detailed preliminary proof as to the scientific basis for reliability. Our experience with breathalyzers warrants at least some movement in the same direction.
Implicit in these cases are significant questions concerning the use of breathalyzer evidence, but the sparse and inadequate record before us does not afford a proper opportunity to address them. Thus, we do not determine whether or to what degree the People, in laying a foundation for admission of the results of individual tests, would have to establish that the breathalyzer device used was in proper working order, e.g., whether in every instance there must be proof of the alcoholic content of the simulator solution used to calibrate the device. Nor do we say that a properly dated and executed authentication of the certificate of analysis of ampoules by the Director of the New York State Police Scientific Laboratory similar to that introduced in the Randall case would not suffice to permit introduction of the certificate of analysis under CPLR 4518 (subd [c]). Resolution of these and similar issues must await another day and a more fully developed record.
In each of these cases for the reasons first stated the judgment of conviction for violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law must be set aside. It is not possible, on the records and briefs submitted on this appeal, to determine that the erroneous admission of the breathalyzer results did not also infect the convictions for violation of subdivisions 1 and 3 of section 1192.
Accordingly, in each case the order of County Court, Broome County, should be reversed, and the same remitted for a new trial.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
*123 In each case: Order reversed, etc.