*1006 OPINION OF THE COURT
Donald J. Mark, J.
The defendant was charged, inter alia, with operating a motor vehicle while under the influence of alcohol or drugs in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law. At the trial the People attempted to demonstrate the reliability of the breathalyzer test administered to the defendant (People v Donaldson, 36 AD2d 37) by offering into evidence purported certified copies of the results of a calibration test, ampule analysis and simulator solution analysis (People v Gower, 42 NY2d 117) as business records (CPLR 4518, subd [c]). Over objections, these documents were finally admitted into evidence as public documents under the common-law exception to the hearsay rule (People v Nisonoff, 293 NY 597, cert den 326 US 745).
Since this case will be retried because of a deadlocked jury, and because the admissibility of the said documents has posed a recurring problem for the trial courts, it is felt a written decision would be appropriate.
The first document consisted of a photocopy of the calibration test result signed by the technical supervisor of the County Public Safety Laboratory, an original certification signed by the acting director containing a declaration that the record of the calibration test result was made in the regular course of business and an original certification as to the copy’s accuracy sworn to by the acting director.
The photocopy is not subject to objection because of CPLR 4543. That section provides as follows: "Nothing in this article prevents the proof of a fact or a writing by any method authorized by any applicable statute or by the rules of evidence at common law.” The common law recognizes a copy sworn to as accurate by a witness who compared it (Kellogg v Kellogg, 6 Barb 116) and a copy certified by a public officer (People v Reese, 258 NY 89). This document qualifies on both counts.
The second document consisted of a photocopy of the ampule analysis result signed by the senior chemist of the State Police Public Safety Laboratory, an original certification signed by the director containing a declaration that the record of the ampule analysis result was made in the regular course of business and State seals on both. The photocopy is not subject to objection because CPLR 4540 was satisfied.
*1007 CPLR 4540 (subd [a]) provides as follows: "An official publication, or a copy attested as correct by an officer or a deputy of an officer having legal custody of an official record of * * * any state * * * or of any of its * * * public bodies * * * is prima facie evidence of such record.”
Subdivision (a) of that rule authorizes certification of a copy of an official record by a public officer, and subdivision (b) permits such authentications by the officer’s signature or its facsimile and the appropriate seal (Welde v Wolfson, 32 AD2d 973). This document likewise complies in this respect.
The third document consisted of a photocopy of the simulator solution analysis result signed by a breathalyzer analyst of the State Police Public Safety Laboratory and a photocopy of a certification signed by the director containing a declaration that the record of the simulator solution analysis result was made in the regular course of business. While a photocopy of the simulator solution analysis result would be acceptable with a proper certification (Welde v Wolfson, supra), it is rendered objectionable when the certification is also a photocopy, as this is tantamount to no certification (see People v Gower, 42 NY2d 117, supra; People ex rel. Stenstrom v Harnett, 224 App Div 127, affd 249 NY 606; People v Cudak, 78 Misc 2d 893). At the trial the objection was not made upon this ground, so this document was received into evidence (see People v Vidal, 26 NY2d 249).
However, the CPLR sections cited merely obviate the objection to the best evidence rule, so the original documents themselves must be admissible under an exception to the hearsay rule (Dipace v Hertz Corp., 30 AD2d 515).
As has been indicated, at the trial the People relied upon CPLR 4518 (subd [c]) in their attempt to introduce these three documents into evidence.
CPLR 4518 (subd [c]) provides as follows: "All records, writings and other things referred to in sections 2306 and 2307 are admissible in evidence under this rule and are prima facie evidence of the facts contained, provided they bear a certification or authentication by the head of the hospital, library, department or bureau of a municipal corporation or of the state, or by an employee delegated for that purpose.”
CPLR 2307 (subd [a]) provides as follows: "A subpoena duces tecum to be served upon * * * a department or bureau of a municipal corporation or of the state, or an officer thereof, *1008 requiring the production of any books * * * shall be issued * * * by a judge of the court in which an action for which it is required is triable”.
The defendant’s first objection was that no witness from the testing agency testified that these records were made in the regular course of business. This is normally a requirement to comply with CPLR 4518 (subd [c]) (People v Porter, 46 AD2d 307). One appellate court has implied that a certified report of a chemical test without the testimony of a certifier is sufficient (Matter of Robert P., 40 AD2d 638); one trial court has held flatly that this is the law (Matter of Kevin G., 80 Misc 2d 517); and one appellate court has held to the contrary (Matter of Brown v Murphy, 43 AD2d 524). People v Gower (42 NY2d 117, supra), indicates that testimony is necessary for the admissibility of a document claimed to have been made in the regular course of business.
The defendant’s second objection was that the necessity for such testimony could not be avoided by a declaration of the certifier that the record was made in the regular course of business. There is statutory (e.g., CPLR 4518, subd [c]) and decisional (e.g., Matter of Quinton A., 68 AD2d 394) authority permitting self-authentication. There is no comparable statute or case law authorizing such a declaration. This statement would be in the nature of a self-serving declaration (see People v Raizen, 211 App Div 446), and would allow the declarant to determine admissibility. A declaration such as this would constitute the compounding of hearsay (see Johnson v Lutz, 253 NY 124), and would be an expedient means of circumventing the subpoena provision of CPLR 4518 (subd [c]).
The defendant’s third objection was that CPLR 4518 (subd [c]) permits the admission of certified documents only when they have been subpoenaed pursuant to CPLR 2307. Only one case has held otherwise (Matter of Kevin G., 80 Misc 2d 517, supra). However, CPLR 4518 (subd [c]) does not deal with admissibility but regulates the mode of compliance with a subpoena duces tecum and is not inconsistent with other evidentiary provisions of the CPLR (Fifteenth Ann Report of NY Judicial Conference, 1970). The only purpose of CPLR 4518 (subd [c]) was to allow the admission of governmental records into evidence without the necessity of calling a witness to testify that they were made in the regular course of business (Matter of Quinton A., supra). This rule does not dispense with the requirement that the record be produced in *1009 response to a subpoena (see Nelson v X-Ray Systems, 46 AD2d 995).
All three objections of the defendant appear to be valid, and they were sustained at the trial.
Although the three documents in this case were not admissible as business records under CPLR 4518 (subd [c]) for the reasons stated, they did comply with the requirements of People v Gower (42 NY2d 117, supra). The records contained appropriate entries as to the date of the test, the individual conducting the test, the material tested, the test conducted and the result of the test. The documents in People v Gower (supra), according to the Court of Appeals, did not fall within any other recognized exception to the hearsay rule; the documents here, while not admissible as business records, were admissible as public documents (see People v Crant, 42 Misc 2d 350).
A public document may be admissible either pursuant to CPLR 4520 or under the common-law exception.
Such records are so admissible, as an exception to the hearsay rule, even though there has not been any authenticating testimony by the person who made them, and without his being subject to cross-examination (People v Nisonoff, 293 NY 597, cert den 326 US 745, supra; Matter of John R., 79 Misc 2d 339; Kay v United States, 255 F2d 476). The rationale for this exception is that these records are usually made by persons having no motive to suppress or distort the truth or manufacture evidence, and, moreover, are made in the discharge of a public duty, and almost always under the sanction of an official oath (Chesapeake & Delaware Canal Co. v United States, 240 F 903, affd 250 US 123). At the time of their offer into evidence the signature and seal, if any, are assumed without further proof to be what they purport to be (People v Reese, 258 NY 89, supra).
CPLR 4520 provides as follows: "Where a public officer is required or authorized, by special provision of law, to make a certificate or an affidavit to a fact ascertained, or an act performed, by him in the course of his official duty, and to file or deposit it in a public office of the state, the certificate or affidavit so filed or deposited is prima facie evidence of the facts stated.”
There was no demonstration of compliance with this statute by proof nor was the court requested to take judicial notice of the same. To one trial court this posed no problem (Matter of *1010 Kevin G., 80 Misc 2d 517, supra). However, a document inadmissible under CPLR 4520 may be admissible under the much broader common-law hearsay exception rule for official written statements (Consolidated Midland Corp. v Columbia Pharm. Corp., 42 AD2d 601). The latter appeared safer course to follow here.
Under the common-law exception, when a public officer is authorized by the nature of his official duty to keep records of transactions occurring in the course of his duty, the record so made by him or under his supervision is admissible in evidence (Evanston v Gunn, 99 US 660; People v Nisonoff, 293 NY 597, cert den 326 US 745, supra; People ex rel. Stone v Minck, 21 NY 539; People v Hampton, 38 AD2d 772; Saranac Land & Timber Co. v Roberts, 208 NY 288; Board of Water Commrs. of Cohoes v Lansing, 45 NY 19; Richards v Robin, 178 App Div 535).
A wide variety of governmental records regarding tests similar to those involved in this case have been found to be admissible under the statutory or common-law public documents exception (People v Nisonoff, supra, autopsy report; People v Hampton, supra, autopsy report; Hayes v City of New York, 23 AD2d 832, autopsy report; Gioia v State of New York, 22 AD2d 181, death certificate; Iovino v Green Bus Lines, 277 App Div 1002, toxicologist’s report; Matter of Kevin G., 80 Misc 2d 517, supra, chemical analysis of controlled substance; Hoyt v John Hancock Mut. Ins. Co., 48 Misc 2d 935, affd 26 AD2d 907, affd 19 NY2d 998, death certificate). The calibration of a breathalyzer, the analysis of ampules and the analysis of simulator solution should be included in this category.
Accordingly, upon the trial of this action, the purported certified copies of the results of a calibration test, ampule analysis and simulator solution analysis were properly admitted into evidence, and upon the retrial, the first two documents will be admitted, and the last document will not be admitted, if there is a proper objection, unless the same is properly certified.