HAL JOYCE, Appellant, v THERESA KOWALCEWSKI, Respondent.

Fourth Department, April 3, 1981

APPEARANCES OF COUNSEL

*Miller, Bouvier, O'Connor & Cegielski (Gerald Bouvier* of counsel), for appellant.

*Mark G. Farrell (Barbara J. Delgross* of counsel), for respondent.

OPINION OF THE COURT

DOERR, J.

Plaintiff sustained personal injuries on July 30, 1974 when the automobile which he was operating in the Town of

Amherst, New York was struck in the rear by an automobile owned and operated by defendant. Plaintiff's vehicle was owned by his employer, Linen Systems for Hospitals, Inc., not a party to the instant action. The damage to the automobile totaled nearly $1,000. When plaintiff commenced his no-fault cause of action for personal injuries, he made no claim for property damage to this automobile. In response to a demand for a bill of particulars, however, he did advise defendant that the vehicle was owned by his employer and the amount of damages incurred.

At trial, plaintiff testified to the facts surrounding the accident as well as the nature and extent of his injuries, including treatment by two physicians in his home State of Pennsylvania, one of whom subsequently operated on defendant for disc problems in his neck. Neither of these doctors appeared to testify at plaintiff's trial. Plaintiff did, however, call a local neurosurgeon who had examined and treated him for the first time in 1976 at the request of plaintiff's counsel. When this doctor attempted to testify from portions of plaintiff's Pennsylvania hospital and X-ray records, defendant's counsel objected. The court sustained the objection because the records in the doctor's file were not "authenticated". Plaintiff's counsel thereupon contacted the hospital in Pennsylvania and requested that they mail him authenticated copies of plaintiff's medical records. When counsel received such records, duly authenticated by an appropriate hospital official, and attempted to have them entered in evidence pursuant to CPLR 4518 (subd [c]), defendant's counsel objected to their admissibility because they had not been obtained pursuant to a subpoena duces tecum (CPLR 2306). The trial court, acknowledging that the objection was "technical" in nature, nevertheless sustained it and did not permit plaintiff's medical records to be received in evidence.

Additionally, during the course of the trial, plaintiff sought leave to amend his complaint to add a claim, as bailee, for the property damage to his employer's car in the amount of $977.60. The court denied plaintiff's motion to amend at such late stage of the proceedings.

The jury subsequently awarded plaintiff $1,000 on his

personal injury action.[1] Inasmuch as this accident took place on July 30, 1974, the rule of contributory negligence applied (see CPLR 1413).

On appeal, plaintiff contends that the trial court committed reversible error in its rulings with respect to the admissibility of plaintiff's medical records and in the court's refusal to permit amendment of his complaint to add a claim for property damage to his employer's automobile as a result of the collision.

█ CPLR 4518 (subd [c]) provides that "All records, writings and other things referred to in sections 2306 and 2307 are admissible in evidence under this rule and are prima facie evidence of the facts contained, provided they bear a certification or authentication by the head of the hospital, library, department or bureau of a municipal corporation or of the state, or by an employee delegated for that purpose." Although this subdivision, the business records statute, refers to CPLR 2306 which sets forth documents, including hospital records, which may be obtained pursuant to a subpoena duces tecum, the fact that such records have been voluntarily produced rather than subpoenaed is no bar to their admissibility (McLaughlin, Supplementary Practice Commentaries [1970], McKinney's Cons Laws of NY, Book 7B, CPLR 4518, 1964 to 1980 Supp, p 229). Although CPLR 4518 (subd [c]) is silent on the point, no reason is apparent why it should not extend, as in the instant case, to similar records obtained from a sister State *(ibid.)*. There is no question that the medical records which plaintiff sought to admit into evidence were duly and properly authenticated by the custodian of such records. This is all that is required pursuant to CPLR 4518 (subd [c]) as a prerequisite to their admissibility. Accordingly, the trial court erred in ruling that the proffered medical records could not be received in evidence merely because they had not been subpoenaed. Such error seriously impaired plaintiff's attempts to establish the nature and seriousness of his injuries.

---

1. At the close of the proof defendant's motion to dismiss the derivative claim of Nancy Joyce was granted by the court with plaintiff's consent and no appeal has been taken from that judgment.

■ The court did not abuse its discretion in denying plaintiff's motion to amend the complaint. While leave to amend pleadings "shall be freely given" absent prejudice or surprise (CPLR 3025, subd [b]; *Fahey v County of Ontario*, 44 NY2d 934, revg 55 AD2d 1034), the grant of such relief lies with the sound discretion of the court. At the time of the motion there existed no "additional or subsequent transactions or occurrences" of which plaintiff had not long since been aware which would compel the granting of the relief requested. The motion was not made until after the court had given its opening charge to the jury. The fact that some four years prior to trial plaintiff in response to defendant's demand for a bill of particulars disclosed the the ownership of the car and the property damage incurred is not sufficient to relieve plaintiff of this inordinate delay. The particulars furnished to defendant is no indication that property damage was being sought.

In view of the error in this record, a new trial must be granted. In our view, more than a retrial on the sole issue of damage is required. It would be eminently unfair to defendant on the retrial not to permit evidence as to the nature and seriousness of the collision. The jury should have the benefit of all the facts concerning the accident. Accordingly, in the interest of justice, the judgment appealed from is reversed and a new trial granted on all issues, including liability.

In view of our decision, we need not address the other issues presented on this appeal.

HANCOCK, JR., J. P., DENMAN and SCHNEPP, JJ., concur with DOERR, J.; CALLAHAN, J., not participating.

Judgment reversed, on the law and facts, and a new trial granted.