OPINION OF THE COURT
Hugh C. Humphreys, J.
This is an appeal from a judgment of the Justice Court of the Town of Nelson convicting appellant of driving while impaired in violation of Vehicle and Traffic Law § 1192 (1). The sole issue on this appeal is the admission into evidence of four similar exhibits introduced by the prosecution to lay a foundation for the results of a breathalyzer test administered to the defendant on the night of his arrest. The exhibits were all test results from the New York State Police laboratory in Albany, two being reports of the calibration of the breathalyzer, another an analysis of the breathalyzer ampoules, and the last an analysis of the simulator solution. Each exhibit consisted of three pages: the last page was the scientific analysis itself which consisted of a one-page photostatic copy of the report; the next page was a certification from the director or assistant director of the laboratory (hereinafter the first certificate); and the top page was another certification (hereinafter the second certificate) from a New York State Trooper at the State Police barracks in Oneida, New York.
In each case the first certificate was entitled “Certificate of Photostatic Copy of Record of [the specific test involved] (CPLR *150 Rule 4518)” and was signed by either the Director or Assistant Director of the New York State Police Crime Laboratory who certified that the annexed copy of the test result was an exact copy of the original record on file in the laboratory, the original being in the possession, custody and control of the signator. Three of the four first certificates went on to state that the particular test records were made in the regular course of business and that it was a regular course of business to make the records at or about the time of the entries reflected therein. All of the first certificates were photocopies and none contained seals.
Attached as the forepage to each of the four exhibits was the second certificate. These second certificates were signed by a New York State Trooper at the State Police barracks in Oneida, New York. This trooper certified that the copies of the laboratory tests as well as the first certificates were true and correct copies of official New York State Police records and that the signer had been designated as legal custodian of the same. Unlike the first certificates, each of the second certificates was an original. These second certificates did not contain seals.
At trial defense counsel objected to the introduction of each of the exhibits on the grounds of hearsay, best evidence and improper certification and these issues will be separately addressed.
HEARSAY
To avoid the application of the hearsay rule the prosecution offered the documents as business records under CPLR 4518 (c). This statute provides in pertinent part:
“Rule 4518. Business records * * *
“(c) Other records. All records, writings and other things referred to in [CPLR] sections 2306, 2307 * * * are admissible in evidence under this rule and are prima facie evidence of the facts contained, provided they bear a certification or authentication by the head of the hospital, laboratory, library, department or bureau of a municipal corporation or of the state, or by an employee delegated for that purpose or by a qualified physician.”
CPLR 2307 relates to the issuance of a judicial subpoena for records of “a library, or a department or bureau of a municipal corporation or of the state, or an officer thereof”. New York State Police laboratory test results as State records are included within CPLR 2307 records. Provided the records are properly certified, no foundation is necessary for their introduction under *151 CPLR 4518 (c) as they are admissible “without any preliminary showing that they are business records” (NY Judicial Conference Report to the 1970 Legislature in Relation to the CPLR, in Appendix D of Sixteenth Ann Report, at A42 [1971]; see, Matter of Quinton A., 68 AD2d 394 [2d Dept 1979], revd on other grounds 49 NY2d 328; 5 Weinstein-Korn-Miller, NY Civ Prac 1Í 4518.26).*
Nor is it necessary that CPLR 2307 records be subpoenaed in order to be admissible under CPLR 4518 (c). (McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1964-1984 Supp Pamph, CPLR 4518, p 317; see, Joyce v Kowalcewski, 80 AD2d 27 [4th Dept 1981] [referring to CPLR 2306 only].) The purpose of the CPLR 2307 requirements for the issuance of subpoenaes and their service on libraries and public agencies is to afford them an adequate response time, the rule relating to the method of producing the records rather than to their admissibility. (NY Judicial Conference, Report to the 1970 Legislature in Relation to the CPLR, op cit., at A42.) The voluntarily produced State records of the test results are therefore admissible hearsay under CPLR 4518 (c).
The laboratory test results also fall within the common-law public document exception to the hearsay rule which provides that “[w]hen a public officer is required or authorized, by statute or by the nature of his duty, to keep records or to make reports of acts or transactions occurring in the course of his official duty, the records or reports so made by the public officer or under his supervision are admissible in evidence.” (Richardson, Evidence § 342 [10th ed].) Indeed, when the Legislature included by reference in CPLR 4518 (c) the official records referred to in CPLR 2306 and 2307 it in effect codified much of the public documents exception to the hearsay rule. By including library records and patients’ records from private hospitals (as referred to in CPLR 2306) this statutory hearsay exception now also includes some quasi-public records which would not otherwise fall within the public documents exception. (Cf. Matter of Quinton A., supra, at p 400; 5 Wigmore, Evidence § 1684 [Chadbourn rev].)
The test results in this case as public records also fall within one of the numerous other statutory provisions relating to the *152 admissibility of public documents, in this instance CPLR 4540, which provides that attested copies of official State or Federal records are prima facie evidence of such. Therefore, the test results are admissible hearsay under the common law, CPLR 4518 (c) and 4540.
BEST EVIDENCE RULE
The prosecution in this case sought to introduce into evidence photostatic copies of the test results and also photostatic copies of the first certificates. According to the District Attorney’s brief on appeal the original test results as well as the original sealed first certificates remain at the laboratory in Albany, the practice being to forward three photocopies of each to the troop headquarters where the tested breathalyzer is being used. A seal is placed on each of the three copies of the first certificate before forwarding. At the troop headquarters one set of the documents is again photocopied and the second certificate added. At trial a photocopy of the test result was received as well as an unsealed photocopy of the first certificate and unsealed original second certificate.
The best evidence rule requires that to prove the contents of a writing the original must be introduced or its absence satisfactorily explained. By virtue of statute copies of public documents are excepted from the application of the best evidence rule, this being so because of the danger of the original being lost if removed as well as for reasons of public convenience. (See, Fisch, New York Evidence § 90 [2d ed].) CPLR 4518 (c), by incorporating by reference the types of records referred to in CPLR 2306 and 2307, also incorporates the provisions of those sections relating to the admissibility of reproductions or copies of the records. Properly certified or authenticated copies of the test results are therefore admissible as copies of official records under CPLR 4518 (c). (See, Matter of Quinton A., supra; 5 Weinstein-Korn-Miller, NY Civ Prac H 4518.25; Fisch, New York Evidence § 90, n 59 [2d ed].) Similarly the copies of the test results are also admissible under CPLR 4540 (a) which specifically provides for the admissibility of copies of official records.
In addition to the copy of the test result, the prosecution also sought to introduce a copy of the first certificate. There is a considerable difference from a best evidence standpoint between a copy of a public document and a copy of a certificate attesting to the accuracy of that document. The original test result in this case is a State record prepared in the course of the laboratory’s day-to-day operation and the rationale against the removal of that original record — danger of loss — brings it within above *153 the statutory exception to the best evidence rule. However, the first certificate was prepared for litigation and no such rationale applies to protect the original of the same (Cf. People v Samuels, 302 NY 163 [1951]; People v Roth, 11 NY2d 80 [1962]; Toho Bussan Kaisha v American President Lines, 265 F2d 418 [2nd Cir 1959].) Indeed one court has termed a photostatic copy of a similar certificate as “tantamount to no certification”. (People v Hoats, 102 Misc 2d 1004, 1007 [Monroe County 1980].) The photostatic copy of the first certificate therefore violates the best evidence rule and is inadmissible on that account, the prosecution having shown no valid excuse for the nonproduction of the original.
CERTIFICATION
At trial and on appeal the prosecution contended that the laboratory reports were admissible by virtue of the second certificate which was in original form and which reads as follows in full: “I certify this [presumably the attached copy of the laboratory test and the copy of the first certificate] to be a true and correct copy of the official records of the New York State Police and that I am designated as legal custodian of the same records.” The document bears the trooper’s original signature and contains no seal.
The statutes which permit the copies of public documents in this case to be introduced as an exception to the best evidence rule (CPLR 4518 [c]; 4540) require the documents to be certified or authenticated. Proper authentication or certification depends on the formal execution of the certificate as well as on the content of the attestation itself. New York law provides a welter of differing rules regarding the formal execution of certificates. Thus, under CPLR 4540 (b) in order for a copy of a public document to be admissible “it shall be accompanied by a certificate signed by, or with a facsimile of the signature of * * * the officer having legal custody of the original, or his deputy or clerk, with his official seal affixed”. The attachment of a seal has been termed a “requisite of admissibility” under CPLR 4540 (b) (Fisch, op. cit. § 117) and if the certifier has no seal the document cannot be introduced under this section. (See also, People v D'Agostino, 120 Misc 2d 437 [Monroe County 1983]; People v Hoats, supra.) As neither the first nor the second certificate contained seals there was no proper certification under CPLR 4540 (b).
CPLR 4518 (c) on the other hand sets down more general execution standards stating that the copy of the public document shall “bear a certification or authentication by the head of the *154 hospital, laboratory, library, department or bureau of a municipal corporation or of the state, or by an employee delegated for that purpose”. The underlying CPLR sections are as general, CPLR 2306 (a) requiring a copy to be “certified as correct” by the same class of persons and CPLR 2307 (b) simply providing for the copy to be “certified”. No seal is required under CPLR 4518 (c) and the department head or the employee delegated to certify can use any recognized method. Under common law a copy of a public document was proved by a sworn (or examined) copy requiring live testimony or by the use of an exemplified copy, the latter requiring an official seal. {See, Richardson, op. cit. §§ 648-651.) In the absence of live testimony or a seal, certification under CPLR 4518 (c) can be accomplished in accordance with CPLR 4538 which provides that any instrument (except a will) which has been acknowledged in the manner prescribed for the execution of a deed is prima facie evidence that it was executed by the person who purported to sign it. {See, 5 Bender, New York Evidence § 390.03.) Even without these formalities the second certificate would be properly certified if signed by the public official in whose custody the original document is kept or by a person expressly authorized to certify. (Nomikos [London] Ltd. v Petroutsis, 186 Misc 710 [Sup Ct, Kings County 1946].) Each second certificate is signed by a State trooper whose certification states that he “has been designated as legal custodian of the same records.” The certifying trooper is therefore the properly delegated person under both CPLR 4540 and 4518 (c) and as such is empowered to certify, and under 4518 (c) no seal is necessary. Therefore, the second certificate was properly executed. However, it fails because of the absence of the attestation required for the certification of a public document.
In the context of the certification of a public document an attestation is the assurance given by the certifier that the copy submitted is accurate and genuine as compared to the original. The necessary language of attestation is similar in import to the language of comparison found in common-law exemplifications and sworn copies (see, Richardson, op. cit. §§ 649-650). No particular language of attestation is required under CPLR 4518 (c) (or for that matter under CPLR 4540) provided that the fundamental language of comparison and accuracy is included. (Cf. 5 Weinstein-Korn-Miller, op. cit. 14540.05.) The touchstone of the certification of a copy of a public document is this attestation and a certification which fails to include it is meaningless. The certification should also describe the documents attested to with some degree of specificity (or incorporate them by reference) and if the signator has been deputized as the custodian of the *155 original, the certificate should so state. In this case the State trooper’s statement on the second certificate that the test result is a true and accurate copy is a certification to the accuracy of a copy óf a copy, he never having compared it with the original on file in Albany. As such the attestation fails.
Nor will this decision greatly burden the State Police laboratory which can certify to these tests with a proper attestation under seal with an original or facsimile signature pursuant to CPLR 4540, or under CPLR 4518 (c) without a seal but in original form. Duplicate originals can be sent out to the troop which is using the tested equipment. Even in the absence of a duplicate, the original certification together with the copy of the test result can be introduced into evidence and a copy of both can then be substituted by stipulation (see, Toho Bussan Kaisha v American President Lines, supra, at p 424), or by court order where appropriate in the event the original exhibit may be needed for another trial. In those cases where a notice of appeal is filed the original exhibit can be preserved just as any other exhibit is.
As it is not possible to determine on this record on appeal whether erroneous receipt of these exhibits infected the drinking-driving conviction, the conviction is reversed and the case remanded for a new trial. (See, People v Gower, 42 NY2d 117 [1977].)

 Three of the first certificates superfluously recited the traditional business records foundation under CPLR 4518 (a) which foundation would have been required had a witness been called to introduce the tests as business records. The fourth certificate, dated September 23,1982, failed to include any reference to the contemporaneousness of the business entry which would have been fatal to the introduction of the document were a business records foundation necessary.