OPINION OF THE COURT
John K. McGuirk, J.
The above-named defendants were charged in separate incidents with a violation of Vehicle and Traffic Law § 1192 (2) during December 1986 as the result of a breathalyzer test administered to each of them. Each of the defendants moves to suppress the breathalyzer instrument test results because the last time the breathalyzer instrument was calibrated prior to their arrests was on February 7, 1986, which is more than six months prior to each defendant’s arrest, and the next time it was calibrated after their arrests was on April 8, 1987. Defendants advance as an additional argument for suppression of the breathalyzer instrument test results that the certification of the records of the breathalyzer instrument test results were not prepared at the time the entries were made or within a reasonable time thereafter. These motions have been consolidated since the same issue applies in each case.
In a prosecution under Vehicle and Traffic Law § 1192 (2) the prosecution must introduce evidence from which the jury could reasonably conclude that the breathalyzer instrument was in proper working order at the time the test was given to the defendant. (People v Todd, 38 NY2d 755 [1975].) The Court of Appeals has conspicuously failed to establish a specific set of guidelines for determining what foundation must be laid for the admission of breathalyzer test results. (See, People v Freeland, 68 NY2d 699 [1986]; People v Gower, 42 NY2d 117 [1977]; People v Todd, supra.)
In commenting on the acceptance of the reliability of breathalyzer equipment and procedures and the fact that no precise or general guidelines for the admissibility of breathalyzer test results can be laid down in advance, the court stated in People v Gower (supra, at 121): "Breathalyzer equipment and procedures have become familiar and their use is now *999 commonplace. Reliability has been demonstrated and the results of such testing where properly performed are universally accepted. This is not to say, however, that no foundation should be any longer required for introduction of breathalyzer evidence. It is to say that there may now appropriately be some relaxation of the rigorous prerequisites properly required to authenticate the reliability of the scientific equipment and procedures where they were first employed. Based on a wealth of practical experience greater dependence can now properly be placed on according full opportunity, through pretrial discovery and other means, to test and challenge the probative worth of the evidence. Thus, emphasis may be shifted from technical issues of admissibility of evidence to means for measuring its persuasive weight. No precise or even general guidelines can be laid down in advance; necessarily the requirements in each case will depend on the peculiar circumstances of that case.” Consequently, the so-called "six month rule” no longer exists, if it ever did. The trial court must consider the circumstances of each case in determining whether there is sufficient evidence from which the trier of facts could reasonably conclude that the breathalyzer instrument was in proper working order at the time the test was given to the defendant. (People v Todd, supra.) Calibration of the breathalyzer instrument within six months of the administration of the breath test to the defendant is one means the prosecution has for meeting this burden, but it is not the only means. Consequently, this court will not suppress the breathalyzer instrument test results at this time. That aspect of defendant’s motion to suppress the breathalyzer instrument test results is denied subject to renewal upon the prosecution’s offer of proof as to whether the breathalyzer instrument was in proper working order at the time the test was administered to the respective defendants.
Defendants rely on People v Mertz (68 NY2d 136 [1986]) as holding that the certificates, setting forth the date of the test, the results and the date of the entry into the records of the results of the test, must be prepared "at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter” (CPLR 4518 [a]). This is not correct. The test results must be entered in the records at the time of the test or within a reasonable time thereafter but the certificate that is prepared certifying to the information contained in the records can be prepared at anytime thereafter. This is the purpose of allowing into evidence what is admittedly hearsay *1000 but it is admitted as an exception to the hearsay rule provided it complies with the strict requirements of CPLR 4518 (a), (c), or 4520. The strict adherence to the requirements of these statutes and the contemporaneous recording of the information into the record provides that extra element of reliability to warrant the admissibility of the hearsay information contained in the record.
The certificate that is admitted into evidence merely conveys the information in the record that was recorded at the time the test results were obtained. There is no purpose to be served by requiring that the certificate be prepared at the time of the recording of the results of the test. To so require would produce an absurd result. Furthermore, a careful reading of People v Mertz (supra) provides no basis for concluding that the Court of Appeals intended such a result.
The motions of the defendants are denied.