OPINION OF THE COURT
Herbert Rosenberg, J.
At the trial of defendant on a charge of violating section 1180 (d) of the Vehicle and Traffic Law, defendant moved to exclude certain exhibits offered by the People and the court reserved decision as to the motion and as to the verdict. This is now a decision on the motion and a verdict.
Defendant was charged with operating his automobile at a speed of 41 miles per hour on Belden Avenue in Dobbs Ferry, which is zoned 25 miles per hour. At the trial Officer Palfy testified that on March 25, 1987 his patrol vehicle was parked in a driveway facing Belden Avenue, that he observed defendant approaching and estimated defendant’s speed at 40 miles per hour, that he then activated the radar unit in his patrol car and it read 41 miles per hour. Officer Palfy stopped defendant’s vehicle and issued a summons.
Officer Palfy testified that he had been a police officer since 1976 and has performed extensive patrol duty, that he had been trained by the Division of Criminal Justice Services as a certified radar operator in 1974 as a member of the Sheriff’s Department and again in 1981 while a police officer and that he has been recertified in 1983, 1985 and 1987, that as part of this training he had also been taught to estimate speeds visually and constantly tests himself against radar and other speed-measuring devices and estimates speeds with less than a five-mile-per-hour error.
Officer Palfy testified further that on March 25, 1987 he placed his patrol vehicle at several locations (including Belden *928 Avenue) and at each location he tested the radar unit by (i) a light test which checks the functioning of the radar unit, (ii) an internal calibration test made by testing the circuitry which, when activated, should, and did, cause a reading of 32 miles per hour, (iii) two tuning fork tests made by striking the two tuning forks, calibrated to register 35 miles per hour and 65 miles per hour, respectively, and noting the radar readout of 35 and 65 miles per hour, respectively. In addition several times on that day Officer Palfy checked the radar readout against the calibrated speedometer of a moving police vehicle.
Officer Palfy then offered a document entitled "Authentication of Records of Dobbs Ferry Police Department Pursuant to CPLR 4518”, which consists of a notarized affidavit of Lt. Frank Perilli of the Dobbs Ferry Police Department (the Perilli Affidavit) and which states, among other things, the following:
"1. * * * This Affidavit is made to authenticate the annexed copies of official records of [the Dobbs Ferry Police] Department, which are to be offered in evidence pursuant to Section 4518 of the Civil Practice Law and Rules.
"2. Annexed are copies of original records made in the regular course of business by the persons or organizations whose regular course of business was to make such records, and received and held in the custody of affiant in the regular course of business of the Dobbs Ferry Police Department. Said copies have been compared by affiant with the original records and are hereby certified to be true and complete copies thereof.”
Annexed to the Perilli Affidavit are copies of a number of documents, the relevant ones being the following:
A. A "Certification Pursuant to CPLR 4518 of Records Maintained in the Regular Course of Business” dated February 10, 1987 made by Edward L. Reynolds, Director, Highway Safety Unit, Bureau for Municipal Police, New York State Division of Criminal Justice Services (the Reynolds Certificate). Attached to the Reynolds Certificate are copies of three test reports (the Test Reports), which will be described. Reynolds certifies that the copies of the Test Reports annexed to the Reynolds Certificate are exact photocopies of the original records of the Bureau for Municipal Police which are in his possession, custody and control, that the three Test Reports were made by an employee of the Bureau for Municipal Police in the regular course of the Bureau’s business, that the Test *929 Reports were made at the time of the tests and that it was in the regular course of the Bureau for Municipal Police’s business to make such Test Reports at the time of a test or a reasonable time thereafter and to report the results of said tests to the police agency which requested it. The three Test Reports consist of (i) a certification of calibration dated February 5, 1987 which certifies as to the testing on January 28, 1987 of the radar unit and the tuning forks used in Officer Palfy’s patrol vehicle, (ii) the actual radar test dated January 28, 1987, and (iii) the certificates of accuracy for the tuning forks dated January 28, 1987.
The photocopy of the Reynolds Certificate which was attached to the Perilli Affidavit showed evidence that the Reynolds Certificate contained a seal, and Officer Palfy testified that the original Reynolds Certificate, and the copies of the Test Reports attached to it, were in the possession of the Dobbs Ferry Police Department, as was attested in the Perilli Affidavit.
B. A copy of a radar activity log made by Officer Palfy on March 25, 1987, the date of the alleged violation, showing the light, internal calibration, and tuning fork test results at the beginning of Officer Palfy’s tour and that all functions checked during six additional tests made during the tour of duty, the locations where Officer Palfy patrolled, and the details of six summonses issued on that date.
C. Copies of four certificates to the effect that Officer Palfy is certified as a "Doppler Traffic Radar Operator” (the Radar Operator Certificates). The first of these certificates is dated December 4, 1981 and it, together with the three renewal certificates, covers the entire period from December 4, 1981 to date. These certificates were also issued by the Bureau for Municipal Police, are signed by its commissioner and contain the seal of the Bureau for Municipal Police.
Defendant objected to the admission into evidence of the Perilli Affidavit and all of the copies of documents attached to it. He claims that the copy of the Reynolds Certificate and the Test Reports violate the best evidence rule. He objects to the radar activity log as constituting "material prepared solely for litigation rather than a business record” and to the Radar Operator Certificates as being "not self-authenticated” and without a proper foundation. Accordingly, defendant argues, there is insufficient evidence as to defendant’s guilt and the court should acquit. Since the court reserved decision on the *930 motion when it was made, the defendant also testified in his defense that he did not exceed the speed limit. During his testimony defendant gave evidence as to the appearance of other persons which, it appears, was not correct and which defendant subsequently retracted and modified.
In light of the numerous objections to the various documents, the court will address each one separately.
1. THE REYNOLDS CERTIFICATE AND THE TEST REPORTS
As stated in the Reynolds Certificate, Reynolds was Director of the Highway Safety Unit of the Board for Municipal Police, which in turn is part of the State of New York, Division of Criminal Justice Services. This Division was established pursuant to Executive Law § 835 et seq., and it performs numerous functions relating to law enforcement, including the promulgation of standards with respect to radar use and the testing of equipment for municipal police departments. After performing tests on radar equipment, the Bureau prepares a certificate such as the Reynolds Certificate and forwards to the police department which requested the test the original of such certificate, containing the Bureau’s seal, to which is attached copies of the test reports. In any event, the Reynolds Certificate, according to the record, is such an original sealed certificate and is in the custody of the Dobbs Ferry Police Department.
If the original Reynolds Certificate were offered, it would be admissible and prima facie evidence of the facts contained therein. (See, CPLR 4540, 4518 [a], [c]; People v Gower, 42 NY2d 117 [1977]; People v Brown, 128 Misc 2d 149 [Madison County 1985].) The deficiency which was held to make a similar certificate inadmissible in People v Drumm (122 Misc 2d 1051 [Monroe County 1984]) does not exist in the Reynolds Certificate. The question here is whether a photocopy of the Reynolds Certificate and the Test Reports, attached to the Perilli Affidavit, are admissible. It is this court’s opinion that the photocopies are admissible.
CPLR 4518 (c) provides for the admissibility of "records, writings and other things referred to in sections 2306, 2307”. CPLR 2307 (a) identifies, among other things covered by it, "books, papers or other things * * * [of] * * * a department or bureau of a municipal corporation or of the state”. The Test Reports are "official record[s]” of a public body of New York State (CPLR 4540 [a]) and the Reynolds Certificate is a certificate complying with CPLR 4540 (b). The Bureau for *931 Municipal Police was acting at the request of the Dobbs Ferry Police Department, and sent the Reynolds Certificate and the Test Reports to said police department within the scope of the Bureau’s business duty. (See, Matter of Leon RR, 48 NY2d 117 [1979].) The Reynolds Certificate and the Test Reports thus became business records of the Dobbs Ferry Police Department. In any event, they are “papers” of the Dobbs Ferry Police Department, which is "a department * * * of a municipal corporation” (see, CPLR 2307). As such, these records are admissible under CPLR 4518 (c) without the necessity of a preliminary showing that they are business records (People v Brown, supra). By virtue of CPLR 2307 (b), a certified photostatic copy may be produced in place of the original.* The formalities of certification contained in CPLR 4540 (b), which apply to the Reynolds Certificate as an official record, are not required by CPLR 4518 (c), and therefore the Perilli Affidavit constitutes a satisfactory certification of the annexed photocopies of the Reynolds Certificate and the Test Reports (People v Brown, supra).
This case differs from People v Brown (supra) and People v Hoats (102 Misc 2d 1004 [Monroe County 1980]) which denied the admissibility of certain official records. In Brown, the certification furnished to the police department was itself a photocopy and not an original, and thus the police officer’s 4518 (c) certification was of a copy, and not of an original. In Hoats, the CPLR 4540 certification was also a photocopy, and appeared to have been without a further 4518 (c) certification by the local police department to the effect that the original was in its files. Neither court addressed the question presented here — if the original CPLR 4540 certificate of official records is in the custody of a municipal department, may a copy thereof be admissible when properly certified under CPLR 4518 (c) or must the original be produced.
CPLR 4518 (c) substantially expands the scope of admissibility of business records and other papers beyond those admissible only under the standard set forth in CPLR 4518 (a). It has been held that the examination and cross-examination of a reporter who signs a routine police report and of a police *932 officer witness to a routine testing of a speedometer was unnecessary, since it would add little of probative value, but result " 'in demobilizing [the officer] from * * * more vital duties’ ” (Matter of Nelson R., 83 Misc 2d 1081, 1086 [Fam Ct, Bronx County 1975]; People v Jones, 10 Misc 2d 1067 [Magis Ct, NY City 1958]). In this case, the appearance of Lt. Perilli to oifer the original Reynolds Certificate would add nothing whatever of probative value, since Lt. Perilli is not subject to any substantive cross-examination, and the original Reynolds Certificate and its attached copies of the Test Reports in the files of the police department are exact duplicates of the copies attached to the Perilli Affidavit. The purpose of certifying departmental papers under CPLR 4518 (c) would seem to be to dispense with such costly and essentially unnecessary live testimony.
It is, of course, not necessary for this court to determine whether any and all papers held by a department of a municipal corporation would be admissible under CPLR 4518 (c). It is enough to decide that an official document and a certificate made in the regular course of business by the Bureau for Municipal Police, acting for the Dobbs Ferry Police Department, to be held and utilized by that police department in the regular course of its business, are admissible when certified as required by CPLR 4518 (c).
2. THE RADAR ACTIVITY LOG AND RADAR OPERATOR CERTIFICATE
The above analysis applies also to the radar activity log and the Radar Operator Certificates. In each case the copy produced in court is certified as an exact copy of an original in the possession of the Dobbs Ferry Police Department, which originals constitute part of the "papers” of that department. The radar activity log is a document actually prepared by the police department — indeed by Officer Palfy, who gave live testimony. The Radar Operator Certificates are original documents prepared by the Bureau for Municipal Police. Each is admissible when certified pursuant to CPLR 4518 (c), as is the case here. Defendant’s objection to the Radar Operator Certificates is inapt, and his objection to the radar activity log as constituting "material prepared solely for litigation rather than a business record” is not correct. The radar activity log is a permanent record of the officer’s daily activity, the testing of equipment and its results, and appears to have a general *933 use for traffic control and record-keeping purposes. The fact that it is also usable in litigation does not make it inadmissible. Every document or record of agencies involved in law enforcement is potentially usable in litigation (see, People v Foster, 27 NY2d 47 [1970]). It is a “paper” and a business record of the Dobbs Ferry Police Department and admissible under CPLR 4518 (c).
In any event, the radar unit in Officer Palfy’s patrol car would be deemed to have been sufficiently tested by virtue of the tests Officer Palfy conducted. "Radar and speedometer readings are generally admissible and may be sufficient in themselves if there be reasonable proof of their accuracy.” (People v Dusing, 5 NY2d 126, 128 [1959].) The tests conducted by Officer Palfy were similar to, but more extensive than, tests conducted in People v Lynch (61 Misc 2d 117, 120 [Tompkins County 1969]), in which the court stated that “[i]t is inconceivable that the internal check made of the radar unit within the machine itself calibrated at 60 miles per hour, the check as to accuracy made by testing the tuning fork calibrated at 50 miles per hour, and the check made by testing the tuning fork calibrated at 30 miles per hour, could all be inaccurate to the same degree.” In Henig v State of New York (122 AD2d 250 [2d Dept 1986]), the Appellate Division stated that “[t]he arresting officer sufficiently established the accuracy of the radar device by using two tuning forks and an internal calibration test before and after stopping the petitioner”. To the same effect, see Graf v Foschio (102 AD2d 891 [2d Dept 1984]). This court concludes that the tests performed by Officer Palfy are sufficient to establish the reliability of the radar unit utilized to measure the defendant’s speed. This conclusion also mandates the denial of defendant’s other motion, that the radar unit cannot be deemed to have been tested because there was no evidence of testing after the violation. In any event, no such requirement exists.
Finally, assuming the radar unit to have been untested, it has long been held that an estimate of speed by a qualified and experienced officer is sufficient to sustain a conviction (see, People v Magri, 3 NY2d 562 [1958]; People v Heyser 2 NY2d 390 [1957]). Officer Palfy’s testimony with respect to his estimate of defendant’s speed was clear and convincing, both as to his considerable training and experience and as to the specific *934 violation. The defendant, on the other hand, gave contradictory testimony and was, in the last analysis, not persuasive.
Accordingly, based on the evidence before it, the court finds the defendant guilty of violating section 1180 (d) of the Vehicle and Trafiic Law. The defendant is ordered to appear in court on December 17, 1987 at 8:00 p.m. for the imposition of an appropriate penalty.

 If documents referred to in CPLR 2307 (a) are admissible under CPLR 4518 (c), then copies are admissible under CPLR 2307 (b). CPLR 2307 (b) supplants the best evidence rule as to documents referred to in CPLR 2307 (a). Voluntarily produced records are admissible under CPLR 4518 (c) (see, People v Brown, 128 Misc 2d 149; Joyce v Kowalcewski, 80 AD2d 27 [4th Dept 19811).