■ In the Matter of JESUS JUSTIANO, Petitioner, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—Determination of respondent Commissioner, dated June 28, 1991, which, after a hearing, affirmed the Hearing Officer's determination that the petitioner violated two conditions of his parole and returned petitioner to prison for one year, unanimously confirmed and the proceeding (transferred to this Court by order of the Supreme Court, New York County [Leland De-Grasse, J.], entered March 27, 1992), dismissed, without costs.

The Division of Parole received a notification that the petitioner-parolee had been arrested. The Division commenced a hearing charging the petitioner, *inter alia*, with failing to appear for a scheduled report, and committing an assault while on parole. The petitioner challenges the reliability of the certified transcript of conviction, which he maintains does not prove that he committed the crime charged in the report. We disagree.

While the petitioner's identity and the person committing the assault cannot be presumed solely from a name listed on the certified transcript, other elements support the conclusion that the petitioner and the individual convicted are one and the same *(see, Matter of Gordon F.,* 54 AD2d 650). The petitioner also had notice of the charges rendered against him by the Division. Charge one in the parole violation report did not specify intentional assault, as petitioner alleges.

The certified transcript was also properly admitted under the business record exception (CPLR 4518; *Erecto Corp. v State of New York,* 29 AD2d 728, 729). We also note that the matter was not rendered moot merely because petitioner completed his sentence *(Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832). Concur—Sullivan, J. P., Carro, Wallach, Asch and Rubin, JJ.