OPINION OF THE COURT
Donald J. Mark, J.
The defendant, pursuant to CPL 410.30, was charged with violating the conditions of his probation, as specified in Penal *589 Law § 65.10 (2) (a), because of a conviction for the misdemeanors of assault and resisting arrest, and two convictions for the violations of operating a motor vehicle while his ability was impaired by the consumption of alcohol (DWAI).[1]
Pursuant to CPL 410.70, a hearing was conducted at which the People introduced evidence of the three alleged violations of probation based only upon three certificates of conviction.
Because the defendant objected to the introduction of all three documents due to the alleged lack of a proper attestation and/or certification, CPLR 4540 should first be discussed.
That section primarily addresses the issue of self-authentication of copies of public records admissible under CPLR 4518, the business record exception to the hearsay rule, and CPLR 4520, the public document exception to the hearsay rule (CPLR 4540; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4540:l). Self-authentication of a copy of a public record requires an attestation and a certification to comply with that section. "Attestation” is a statement by an officer to the effect that a copy of an original record in his custody is accurate, and "certification” is a demonstration of the legal authority of the officer who has so attested (People v Brown, 128 Misc 2d 149).
While CPLR 4540 applies only to copies, there is no comparable CPLR section pertaining to original documents. Yet, there are situations in which an original document is prepared from information in the original records. Since it is not a copy, self-authentication by virtue of a certification only is sufficient. Such could be a document, offered under CPLR 4518 (c) (see, e.g., People v Kinne, 71 NY2d 879 [certified record of breathalyzer and simulator solution test results]) and one offered under CPLR 4520 (see, e.g., People v Kollore, 151 Misc 2d 384 [abstract of the defendant’s driving record certified by the Department of Motor Vehicles]).
The prosecutor attempted to prove the conviction for the two misdemeanors of assault and resisting arrest by offering intq evidence a one-page photocopy of the certificate of conviction of the Town Court in which the defendant was convicted, with *590 a photocopy of an attorney’s certification. The name of the Town Justice and the name of the attorney were the same. The defendant objected upon the grounds that the certificate of conviction was a copy, the certification was a copy, and the certification was improper.
The defendant’s objection was sustained upon three grounds advanced.
The certificate of conviction was a copy, so it had to be attested to as correct to be properly received into evidence, and this document lacked such an attestation (CPLR 4540 [a]; People v Brown, supra). A copy of a certification is tantamount to no certification (People v Hoats, 102 Misc 2d 1004), so the certification here was insufficient for the admissibility of the document (People v Dugas, 35 AD2d 732). A transcript of proceedings before a Justice of the Peace, now Town Justice,[2] to be admissible must be authenticated by the County Clerk with the county seal affixed, so the attorney’s certification was deficient (CPLR 4541).[3]
The prosecutor attempted to prove the two convictions for DWAI by offering into evidence a certificate of conviction from County Court with a facsimile of the signature of the court clerk[4] and the court seal, and a certificate of conviction from Town Court with the original signature of the court clerk and the court seal. The defendant objected upon the ground that there was no showing that the two certificates of conviction had been compared with the original criminal court records and that they were accurate, i.e., that there was no proper attestation. He did not voice any objection to the certification of these documents or any other objection.
This objection by the defendant was overruled. There certainly is authority for rejecting a copy of a document that does not recite that it was compared with the original record and found to be accurate (People v Brown, supra), but that is not the situation here. The certificates of conviction were original documents which required no attestation (CPLR 4540 [a] ["An official publication * * * is prima facie evidence of such record”]). Further, the admissibility of a certificate of conviction is specifically authorized by statute (CPL 60.60 ["A certifi *591 cate issued by a criminal court, or a clerk thereof, certifying that a judgment of conviction * * * has been entered in such court, constitutes presumptive evidence of the facts stated in such certificate”]).
The case law relating to certificates of conviction supports the proposition that they are original documents not requiring attestation (see, People v Van Buren, 82 NY2d 878 [certificate of conviction introduced into evidence, but DWI felony reduced to misdemeanor because no proof in Grand Jury that identified defendant as same person named in certificate]; Matter of Justiano v New York State Bd. of Parole, 189 AD2d 566 [violation of parole sustained on basis of certified transcript of conviction received as business record];[5] see, People v Acebedo, 156 AD2d 369 [court erred in second felony offender hearing by admitting out-of-State certificate of conviction not accompanied by certification]).
Unlike Justiano (supra), which relied upon CPLR 4518 to justify the admission of a certificate of conviction, Van Buren and Acebedo (supra) did not categorize whether such document was admissible under CPLR 4518, 4520 or both. However, CPLR 4520 would also be an appropriate statutory authorization. The "special provision of law” clause of that section[6] is satisfied by Judiciary Law § 255, which directs a court clerk to furnish upon request a certified transcript of his records (see, People v Kollore, supra [CPLR 4520 satisfied by Vehicle and Traffic Law § 354, which directs the Commissioner to furnish upon request a certified abstract of a driving record]).
The line of demarcation between CPLR 4520 and 4518 would seem to be this "special provision of law” clause as it affects the governmental agency involved in publishing the document (see, e.g., People v Garcia, 163 Misc 2d 862 [abstract of driving record from Department of Motor Vehicles admissible under CPLR 4520 but not admissible under CPLR 4518]; People v Garneau, 120 AD2d 112[7] [breathalyzer calibration and associated tests not admissible under CPLR 4520 but could be admissible under CPLR 4518]).
*592 Accordingly, the two certificates of conviction were properly admitted into evidence as a basis for the defendant’s violation of the conditions of his probation under CPLR 4520.

. This decision supplements a written decision issued by this court dated July 19, 1995, and after reargument was granted, an oral decision issued by this court dated September 14, 1995, both of which found defendant guilty of violating the conditions of his probation.

. This title was changed by UJCA 103 (a), effective September 1, 1967.

. Another reason is CPLR 2105, which, while authorizing certification by an attorney in lieu of the County Clerk, would not seem to permit an attorney to certify a document bearing his signature.

. CPLR 4540 (b) authorizes a facsimile of the clerk’s signature for certification (People v Brown, 128 Misc 2d 149, supra).

. The People also argued that the certificate of conviction was admissible under CPLR 4520.

. That section provides: "Where a public officer is required or authorized, by special provision of law, to make a certificate * * * to a fact ascertained * * * by him in the course of his official duty * * * the certificate * * * so filed * * * is prima facie evidence of the facts stated.”

. This case overrules much of People v Hoats (102 Misc 2d 1004, supra); People v Cratsley (86 NY2d 81) probably does also.