OPINION OF THE COURT
John R. Tenney, J.
On December 16, 1984, the petitioner was issued a ticket for driving while intoxicated. (Vehicle and Traffic Law § 1192 [3].) The ticket directed that he appear before the respondent Town Justice on December 18. On that date, he pleaded "not guilty”, and the matter was adjourned until January 8, 1985.
At his appearance on January 8, he was told that his license was to be suspended. However, his attorney objected, and the suspension was not effected. On January 11, upon his appearance with counsel and a representative of the District Attorney’s office, the license was suspended.
Petitioner objects to the suspension on that date. Petitioner argues that the suspension must be made at the time of arraignment, which he contends was December 18. He also argues that the suspension was improper because there was no hearing. (Vehicle and Traffic Law § 510 [2] [b] [vi].)
Vehicle and Traffic Law § 510 (2) (b) (vi) (a) states that for the suspension to remain in effect, the court must, "on or before the date of arraignment” make certain findings. These include a determination that the arresting officer had reasonable grounds to believe there was a violation. The statute also requires that the license holder be given an opportunity to rebut the findings.
No findings were made and transmitted to petitioner. Consequently, he was not given an opportunity to rebut them. Thus, there has been no compliance with the statute, and the suspension should be lifted and the license returned.
This situation poses a constant problem for the Justice in determining proper procedure. For future reference, the arresting officer should be present at the return date or, in the alternative, should furnish to the Justice an affidavit setting forth his grounds for charging the license holder with the violation. The blood test evidence is sufficient (if one is available) if accompanied by a driving record which indicates the prior violation of section 1192.
The information must be made available to the license holder, and he must be given the right to make a statement and also, if he chooses, to offer evidence to rebut the court’s *545 findings. This information and opportunity must be presented to him before a plea is requested.
The Justice may suspend the license immediately (prior to arraignment) without notice to the holder. In order to validate a continued suspension, he must follow the above procedure.
In this case, petitioner appeared on the designated return date without counsel. He was not permitted to offer evidence or make a statement, and his plea of "not guilty” was entered. His license was not suspended. Anything that occurred after December 18 was postarraignment and does not meet the statutory requirements.
The suspension is invalid and must be lifted.