■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS FERRAIOLO, Appellant. [636 NYS2d 378] —Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Suffolk County (Vaughn, J.), imposed October 26, 1994.

Ordered that the sentence is affirmed.

The defendant pleaded guilty to conspiracy in the fifth degree *(see,* Penal Law § 105.05) in connection with his purchase of cocaine from another individual. At sentencing, the court suspended the defendant's driver's license for a period of six months, in accordance with Vehicle and Traffic Law § 510 (2) (b) (v), because the defendant's conviction was drug-related.

On appeal, the defendant argues that the court improperly suspended his driver's license because Vehicle and Traffic Law § 510 (2) (b) (v) provides for such suspensions where one is convicted of a crime defined in articles 220 or 221 of the Penal Law, and he was not convicted under either article. We disagree.

At the outset, we note that it is not the Penal Law, but the Vehicle and Traffic Law which requires construction in this case. It is well settled that suspension or revocation of a driver's license is a civil, not a criminal, sanction *(see, Matter of Barnes v Tofany,* 27 NY2d 74, 78; *Matter of Reed v New York State Dept. of Motor Vehicles,* 59 AD2d 974; *Matter of Harmon v Tofany,* 45 AD2d 924). Thus, we construe the statute at issue so as to give it "a sensible and practical over-all construction, which is consistent with and furthers its scheme and purpose and which harmonizes all its interlocking provisions" *(Matter of Long v Adirondack Park Agency,* 76 NY2d 416, 420).

The purpose of former Vehicle and Traffic Law § 510 (2) (b) (v) was "[t]o continue State eligibility for the full amount of federal highway funds" by complying with 23 USC § 159 (Governor's Program Bill Mem, 1993 Legis Ann, at 408-409; *see,* Governor's Mem approving L 1993, ch 533, 1993 NY Legis Ann, at 410). Under 23 USC § 159, the Federal government enacted legislation to withhold Federal highway funds from any State that has not enacted "a law that requires in all circumstances, or requires in the absence of compelling circumstances warranting an exception" the revocation, or suspension of at least 6 months, of the driver's license of any individual who is convicted of "any drug offense" (23 USC § 159 [a] [3] [A] [i] [II]). "Drug offense" is defined, inter alia, as any criminal offense which proscribes "the possession * * * sale, transfer, or the attempt or *conspiracy to possess* * * * sell, or transfer any substance the possession of which is prohibited under the Controlled Substances Act" (23 USC § 159 [c] [2] [A]). Therefore, the defendant's admission that he conspired to possess cocaine was a "drug offense" which warranted suspension of his driver's license. Mangano, P. J., Miller, Copertino, Santucci and Hart, JJ., concur.