[649 NYS2d 607]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS
J. ROACH, Appellant.

Fourth Department, November 8, 1996

APPEARANCES OF COUNSEL

*Jackson, Wilson & Douglas,* Lockport *(Jon Louis Wilson* of counsel), for appellant.

*Robert C. Noonan, District Attorney* of Genesee County, Batavia *(Lawrence Friedman* of counsel), for respondent.

### OPINION OF THE COURT

BOEHM, J.

The principal issue raised on this appeal is whether the suspension of a driver's license pursuant to the so-called

"prompt suspension law" (Vehicle and Traffic Law § 1193 [2] [e] [7]) constitutes punishment within the meaning of the Double Jeopardy Clause, thus barring subsequent prosecution on underlying charges of driving while intoxicated.

# I

Defendant was arrested on May 18, 1995, and charged with two counts of driving while intoxicated (DWI) (Vehicle and Traffic Law § 1192 [2], [3]), leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [1] [a]), and failing to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]). A hearing was held on May 24, 1995 at Batavia City Court, after which defendant's driver's license was suspended pending prosecution on the DWI charges (see, Vehicle and Traffic Law § 1193 [2] [e] [7] [b], [e]). The court denied defendant's request for a hardship license. After a trial in County Court, defendant was convicted of the DWI charges and sentenced to concurrent terms of six months of imprisonment, five years of probation and a fine of $2,000. The court also revoked defendant's driver's license.

# II

Defendant contends that the suspension of his license pursuant to the prompt suspension law constitutes punishment within the meaning of the Double Jeopardy Clause, which, as a consequence, prohibited prosecution on the DWI charges. That contention misapprehends the primary purpose of the law.

Vehicle and Traffic Law § 1193 (2) (e) (7) provides that the court must hold a hearing on the suspension before the conclusion of all proceedings required for arraignment and before the license may be suspended. If the court finds that the accusatory instrument against defendant is sufficient and there is reasonable cause to believe that the driver failed a properly administered and reliable chemical sobriety test, a prima facie showing for license suspension has been established (see, Pringle v Wolfe, 88 NY2d 426, 432). At the suspension hearing, the driver is entitled to "present evidence tending to rebut the court's findings" (Vehicle and Traffic Law § 1193 [2] [e] [7] [b]). If the driver fails to rebut the prima facie showing, "[a] court shall suspend [his] driver's license, pending prosecution [of the DWI charges]" (Vehicle and Traffic Law § 1193 [2] [e] [7] [a]).

Historically, the primary function of the Double Jeopardy Clause has been to bar consecutive prosecutions and multiple

punishments for the same offense (*see, Helvering v Mitchell,* 303 US 391, 399; *see also, United States v Halper,* 490 US 435). Under certain circumstances, the imposition of civil sanctions can constitute punishment for underlying criminal conduct, thereby triggering the protections of the Double Jeopardy Clause (*see, Department of Revenue v Kurth Ranch,* 511 US 767; *United States v Halper, supra*). In such cases, courts should consider "whether a civil sanction, in application, [is] so divorced from any remedial goal that it constitutes 'punishment' for the purpose of double jeopardy analysis" (*United States v Halper, supra,* at 443). In *Halper* (*supra*), the Supreme Court held that the imposition of a $130,000 civil fine for Medicare fraud was punitive because the Government's actual damages were only $585. In *Kurth Ranch* (*supra*), the Supreme Court held that the imposition of an inordinately high tax on marihuana, while nominally a property tax, constituted additional punishment for the underlying criminal prosecution for possession of marihuana.

More recently, however, in *United States v Ursery* (518 US —, 116 S Ct 2135), the Supreme Court held that a civil forfeiture proceeding based upon violations of Federal drug statutes did not constitute punishment for purposes of the Double Jeopardy Clause. In distinguishing *Halper* and *Kurth Ranch,* the Court stated that "[c]ivil forfeitures, in contrast to civil penalties, are designed to do more than simply compensate the Government [and] * * * serve a variety of purposes" *(United States v Ursery,* 518 US, *supra,* at —, 116 S Ct, *supra,* at 2145). The Court noted that it is virtually impossible to quantify the nonpunitive purposes served by civil forfeiture and, therefore, the "balancing test set forth in *Halper,* in which a court must compare the harm suffered by the Government against the size of the penalty imposed, is inapplicable to civil forfeiture" *(United States v Ursery,* 518 US, *supra,* at —, 116 S Ct, *supra,* at 2145). The Court developed a two-prong test to determine if a civil forfeiture proceeding constitutes punishment for purposes of double jeopardy: (1) whether the Legislature intended the proceeding to be criminal or civil in nature, and (2) whether the proceeding is so punitive that it " 'may not legitimately be viewed as civil in nature' " *(United States v Ursery,* 518 US, *supra,* at —, 116 S Ct, *supra,* at 2147, quoting *United States v One Assortment of 89 Firearms,* 465 US 354, 366).

In our view, the prompt suspension law is properly analyzed under the rationale of *Ursery.* License suspension is designed

to do more than simply compensate the government; rather, it serves legitimate, remedial public purposes, such as the State's "paramount interest" in insuring highway safety (*Mackey v Montrym,* 443 US 1, 17). Applying the *Ursery* analysis, we conclude that the suspension of defendant's driver's license pursuant to the prompt suspension law does not violate the prohibition against double jeopardy. With respect to the first prong of the *Ursery* test, the statute is intended to be a civil sanction for the failure to pass a chemical sobriety test and is not a criminal penalty for the underlying offense of driving while intoxicated. The Legislature's intent that the prompt suspension law be regarded as a civil sanction rather than as a criminal offense may be further evidenced by its placement in that part of the Vehicle and Traffic Law entitled "License sanctions" (Vehicle and Traffic Law § 1193 [2]), rather than in that part entitled "Criminal penalties" (Vehicle and Traffic Law § 1193 [1]).

Turning to the second prong of the *Ursery* test, we conclude that the license suspension may legitimately be viewed as a sanction that is primarily civil in nature. The suspension serves the governmental purpose of protecting the public from potentially dangerous drunk drivers. Although there may be a secondary deterrent effect to the prompt suspension law, neither that indirect effect nor the fact that the civil sanction is related to the underlying criminal activity renders the civil sanction punishment for purposes of double jeopardy analysis *(see, United States v Ursery,* 518 US, *supra,* at —, 116 S Ct, *supra,* at 2149). The suspension of the license of a driver where there is reasonable cause to believe that he failed a chemical sobriety test is not so punitive a penalty that it may be considered de facto punishment for driving while intoxicated.

### III

The further contention of defendant that suspension of his driver's license pursuant to the prompt suspension law violates his right to due process under the New York and Federal Constitutions is also without merit. The Court of Appeals in *Pringle v Wolfe (supra,* at 432-433) discussed the procedural safeguards afforded by the statute and noted that under the prompt suspension law a driver is provided with sufficient notice of a license suspension proceeding and an adequate opportunity to prepare for the hearing and rebut the prima facie showing necessary for suspension. The Court observed that, although an individual has a substantial inter-

est in retaining his driver's license, "the severity of the license suspension is mitigated by its temporary duration, the availability of a conditional license and hardship relief, and the significant protection of a presuspension judicial hearing" (*Pringle v Wolfe, supra,* at 435). After weighing the substantial interest in retaining one's license against the small risk of an erroneous deprivation of that right and the State's compelling interest in maintaining highway safety, the Court held "that the prompt suspension law affords the driver all the process that is constitutionally due" (*Pringle v Wolfe, supra,* at 435).

## IV

We also reject the contention of defendant that the prompt suspension law violates the Equal Protection Clause of the New York and Federal Constitutions. The prompt suspension law does not implicate a suspect class or involve a fundamental right and, therefore, should be upheld if it bears a rational relationship to a legitimate government purpose (*see, Heller v Doe,* 509 US 312, 319-320; *see also, Romer v Evans,* 517 US —, —, 116 S Ct 1620, 1627). The prompt suspension law was enacted "to reduce the incidence of drunk driving on New York's roadways", a goal that is rationally related to "the State's compelling interest in promoting highway safety" (*Pringle v Wolfe, supra,* at 429, 435).

## V

Finally, the fact that the People introduced copies, rather than original documentation, of the breathalyzer's accuracy, is of no moment. CPLR 4539 (a) provides that copies of original documents made in the regular course of business, if properly identified, are "as admissible in evidence as the original". That section of the CPLR "recognizes the fact that the modern business practice is to make photographic reproductions in the regular course of business and * * * that photographic reproductions so made are sufficiently trustworthy to be treated as originals for the purpose of the best evidence rule" (*People v Flores,* 138 AD2d 512, 513, *lv denied* 72 NY2d 859; *see, People v May,* 162 AD2d 977, *lv denied* 76 NY2d 861).

## VI

Accordingly, the judgment of conviction should be affirmed.

PINE, J. P., LAWTON, CALLAHAN and DOERR, JJ., concur.

Judgment unanimously affirmed.