OPINION OF THE COURT
Victor J. Alfieri, Jr., J.
Defendant is charged by simplified traffic informations with violations of sections 1192 (3) and 1192 (2) of the Vehicle and Traffic Law of the State of New York, alleging that the defendant operated a motor vehicle while in an intoxicated condi *846 tion, and at the time of his operation he had a blood alcohol content greater than .10 of 1% by weight of alcohol in his blood, specifically .14 of 1%. Also filed with this court is an original certification of the breathalyzer examination conducted upon the defendant on November 28, 1996, the date of the defendant’s arrest, certifying a reading of .14%. The defendant was released on an appearance ticket and appeared before this court on December 9, 1996 for arraignment.
On December 9, 1996, the defendant appeared with counsel and this court acting pursuant to Vehicle and Traffic Law § 1193 (2) (e) (1) suspended the defendant’s privileges to operate a motor vehicle, based upon his having a prior Vehicle and Traffic Law § 1192 conviction within the preceding five-year period. (Vehicle and Traffic Law § 1193 [2] [e] [1].)
On the arraignment date, the defendant’s counsel objected to the suspension claiming that the defendant was entitled to a presuspension hearing. Defendant argues that a recent decision by the New York State Court of Appeals in Pringle v Wolfe (88 NY2d 426) which upheld the constitutionality of Vehicle and Traffic Law § 1193 (2) (e) (7) under a due process analysis, holding that a hearing is required under that section prior to the court imposing a suspension, should likewise apply to a suspension under section 1193 (2) (e) (1). The defendant contends that a hearing must be likewise held where the court intends to impose a suspension pursuant to Vehicle and Traffic Law § 1193 (2) (e) (1). The People oppose the holding of a hearing pursuant to Pringle v Wolfe, contending that Pringle v Wolfe does not apply to section 1193 (2) (e) (1), and is limited to section 1193 (2) (e) (7).
The defendant also argues, that in the event this court holds that Pringle v Wolfe (supra) applies to a suspension pursuant to section 1193 (2) (e) (1), then in that event as this court has in effect suspended the defendant’s driving privileges, prior to a hearing, the defendant’s privileges must be immediately restored. In this regard, it should be noted that the defendant was given an opportunity to participate in a hearing on December 9, 1996, but asked for an adjournment. The hearing was held on December 18, 1996 and adjourned on consent of the parties to January 9, 1997 when it was completed. The case was then adjourned for memoranda to be submitted by both sides and decision rendered.
The issue to be decided herein is twofold: (1) whether a hearing prior to suspension as mandated in Pringle v Wolfe (supra) applies to section 1193 (2) (e) (1); and (2) if Pringle v Wolfe does *847 in fact apply to section 1193 (2) (e) (1) must the defendant’s driving privileges be immediately restored, due to the fact that this court suspended the defendant’s privileges prior to conducting a hearing.
Based upon the analysis below, this court holds that Pringle v Wolfe (supra) does in fact apply to suspensions pursuant to section 1193 (2) (e) (1). This court also holds that the defendant’s privileges, albeit improperly suspended in violation of the requirements of Pringle v Wolfe, need not be, restored at this point.
A subissue is also the subject of this decision, involving the proof to be submitted at a hearing in a section 1193 (2) (e) (1) case. In the case at bar, the defendant objects to the certificate of conviction for the prior Vehicle and Traffic Law § 1192 offense on December 19, 1994, which bore an erroneous birth date indicating that the defendant was born on June 10, 1971 instead of his actual birthday which is June 20, 1971. (People v Jones, 177 AD2d 1000 [4th Dept 1991].)
I. ANALYSIS OF VEHICLE AND TRAFFIC LAW § 1193 (2) (e) (1) UNDER PRINGLE v WOLFE.
Both sections of the Vehicle and Traffic Law, 1193 (2) (e) (1) and 1193 (2) (e) (7), require the suspension pending prosecution of a defendant’s driving privileges. The sections contain virtually identical language. Section 1193 (2) (e) (1) reads as follows:
"(e) Special provisions. (1) Suspension pending prosecution; procedure, a. Without notice, pending any prosecution, the court shall suspend such license, where the holder has been charged with a violation of subdivision two, three or four of section eleven hundred ninety-two of this article and * * * has been convicted of any violation under section eleven hundred ninety-two of this article within the preceding five years.
"b. The suspension under the preceding clause shall occur no later than twenty days after the holder’s first appearance before the court on the charges or at the conclusion of all proceedings required for the arraignment. In order for the court to impose such suspension it must find that the accusatory instrument conforms to the requirements of section 100.40 of the criminal procedure law and there exists reasonable cause to believe that the holder operated a motor vehicle in violation of subdivision two, three or four of section eleven hundred ninety-two of this article and either (i) the person had been convicted of any violation under such section eleven hundred ninety-two of this article within the preceding five years; or (ii) *848 * * * At such time the holder shall be entitled to an opportunity to make a statement regarding the enumerated issues and to present evidence tending to rebut the court’s findings.” (Vehicle and Traffic Law § 1193 [2] [e] [1] [emphasis supplied].)
Section 1193 (2) (e) (7), which was due to expire on November 1, 1996, and has been extended by legislation to November 1, 1997 (see, L 1996, ch 229), reads as follows:
"(7) [Eff. until Nov. 1, 1997.] Suspension pending prosecution; excessive blood alcohol content, a. A court shall suspend a driver’s license, pending prosecution, of any person charged with a violation of subdivision two or three of section eleven hundred ninety-two of this article who, at the time of arrest, is alleged to have had .10 of one percent or more by weight of alcohol in such driver’s blood as shown by chemical analysis of blood, breath, urine or saliva, made pursuant to subdivision two or three of section eleven hundred ninety-four of this article.
"b. The suspension occurring under this subparagraph shall occur no later than at the conclusion of all proceedings required for the arraignment; provided, however, that if the results of any test administered pursuant to section eleven hundred ninety-four of this article are not available within such time period, the complainant police officer or other public servant shall transmit such results to the court at the time they become available, and the court shall, as soon as practicable following the receipt of such results and in compliance with the requirements of this subparagraph, suspend such license. In order for the court to impose such suspension it must find that the accusatory instrument conforms to the requirements of section 100.40 of the criminal procedure law and there exists reasonable cause to believe that the holder operated a motor vehicle while such holder had .10 of one percent or more by weight of alcohol in his or her blood as was shown by chemical analysis of such person’s blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article. At the time of such license suspension the holder shall be entitled to an opportunity to make a statement regarding these two issues and to present evidence tending to rebut the court’s findings”. (Emphasis supplied.)
As may be seen from the statutes, both contain provisions requiring the court to permit the holder of the license "an opportunity to make a statement regarding the enumerated is *849 sues and to present evidence tending to rebut the court’s findings”. (Vehicle and Traffic Law § 1193 [2] [e] [1] [b].) Section 1193 (2) (e) (7) (b) refers to "these two issues” as opposed to "enumerated issues” of section 1193 (2) (e) (1) (b).
Perhaps the difference in terminology is necessitated by the fact that in the section 1193 (2) (e) (7) cases there are only two specific enumerated issues which must be addressed: whether a defendant has a blood alcohol level of .10 of 1% or more by weight of alcohol in his blood; and whether the accusatory instrument conforms to the requirements of CPL 100.40. In a suspension pending prosecution case under section 1193 (2) (e) (1) (b) however, the court must find that, (1) the accusatory instrument conforms to CPL 100.40 requirements; and (2) there exists reasonable cause to believe the defendant was operating in violation of Vehicle and Traffic Law § 1192 (2), (3) or (4); and (3) the defendant has a prior section 1192 conviction within the previous five years or has committed a Penal Law article 120 or 125 offense. (Vehicle and Traffic Law § 1193 [2] [e] [1] [b].) The wording of the latter cited statute, therefore, does not lend itself to a specification of the number of issues to be addressed, as both elements under (3) may or may not be present. Therefore, this distinction between the two statutes is de minimis and of no moment.
The crucial question for the purposes of this decision is whether Pringle v Wolfe (88 NY2d 426, supra) should apply equally to both statutes, given the fact that the sections are almost identical in their text and each requires that the defendant be given an opportunity to address the required findings which a court must make prior to suspension of the defendant’s driving privileges. The question must be answered in the affirmative for several reasons.
Firstly, both provisions are placed in the same statutory scheme under section 1193 of the Vehicle and Traffic Law which is entitled "Sanctions”. (Vehicle and Traffic Law § 1193.) Furthermore, each is set forth in subdivision (2) (e) of section 1193 which specifically is entitled "[s]pecial provisions” and each is configured similarly in terms of the enumeration of the paragraphs within.
Secondly, and more importantly, in the opinion of this court, the Court of Appeals has held that "a driver’s license is a substantial property interest that may not be deprived without due process of law”. (Pringle v Wolfe, supra, at 431 [citation omitted].) Given the "property interest” involved, the issue in Pringle was "what process is due to protect against the risk of *850 its erroneous deprivation”. (Supra [citations omitted].) The Court of Appeals went on to apply the "balancing test” articulated by the United States Supreme Court in Mathews v Eldridge (424 US 319, 335) and elucidated in subsequent cases, upholding the procedural adequacy of driver’s license suspension schemes. (Pringle v Wolfe, supra.)
The Pringle Court weighed the "availability and timing of a judicial hearing, the duration of the suspension, and the availability of hardship relief” against the deprivation of the defendant’s license. (Pringle v Wolfe, supra, at 431 [citation omitted].) The Pringle Court upheld the statute based upon its analysis which "demonstrates [that] the severity of the prompt suspension law is tempered by the driver’s right to a presuspension judicial hearing, its temporary duration, and the availability of a conditional license and hardship relief’. (Supra.)
The Pringle Court went on to "hold that the driver is entitled to present evidence to rebut the court’s tentative findings before the court may order the license suspension”. (Pringle v Wolfe, supra, at 432 [emphasis supplied].) The Court also held that the defendant is entitled to a reasonable adjournment in order to prepare for the license suspension hearing, stating that it would be "incumbent on the court to grant a driver’s reasonable request for a short adjournment if necessary to marshal evidence to rebut the prima facie showing of 'reasonable cause.’ ” (Pringle v Wolfe, supra, at 433.)
This court holds that both sections 1193 (2) (e) (1) and 1193 (2) (e) (7), providing for pretrial suspension, have a "deprivational” effect, and as the very same "substantial property interest” is at issue under both statutes, Pringle v Wolfe (supra) must apply to both sections equally. Perhaps more importantly, there exists a stronger reason for a hearing under section 1193 (2) (e) (1), as there exists no tempering of the suspension with the grant of a "hardship license” as is available in section 1193 (2) (e) (7) (e). This court also holds that having suspended the defendant’s driver’s license prior to holding a hearing was a violation of the defendant’s due process rights to a hearing. The effect of such an improvident prehearing suspension will be addressed under point IV hereof. {See, infra.)
II. THE CONDUCT OF THE HEARING IN THE CASE AT BAR.
The hearing in this matter as indicated above was held on December 18, 1996 and continued over to January 19, 1997. This court is in possession of only the transcript of December 18, 1996, and although this court limited the defendant to a *851 great extent as to the area of inquiry, 155 pages of testimony have been transcribed representing the first day’s testimony, and it is presumed that an equal number of pages shall be transcribed as to the second day of the hearing. At the hearing, the court was satisfied that the accusatory instrument conformed to the requirements of CPL 100.40, and held that the People had the burden of going forward to demonstrate the existence of "reasonable cause” to believe that the defendant had been convicted of a Vehicle and Traffic Law § 1192 violation in the past five years, and that there existed reasonable cause to believe that the defendant operated the motor vehicle in violation of section 1192 (2) or (3). The defendant was allowed an opportunity to cross-examine the People’s witnesses, and although in a limited fashion, to present evidence in his own behalf.
Future hearings shall be strictly confined to the issues contained within each subdivision of the statute in hearings under both subdivisions of section 1193. This court is presently of the opinion, after reviewing the transcript, that the cross-examination by the defendant’s counsel was much too broad and more than that which is necessary in "providing additional procedural safeguards” to the defendant to ensure against the risk of "erroneous deprivation”. (Pringle v Wolfe, 88 NY2d, supra, at 434.) The Pringle Court recognized that the " 'summary and automatic character of the suspension sanction available under the statute is critical to attainment of (its) objectives’ ”. (Pringle v Wolfe, supra, at 435.) This court, consistent with the letter and spirit of Pringle, believes that allowing anything more than a summary hearing would be burdensome to the police, prosecutors, defendant and court.
The same standards which apply at a preliminary hearing under CPL article 180 will, in the future guide this court in its mandated determination of whether "reasonable cause to believe” the required factors exist to warrant a pretrial suspension under either section 1193 (2) (e) (1) or 1193 (2) (e) (7) of the Vehicle and Traffic Law. {See, CPL 180.60 [8].) As the summary nature of a felony hearing is sufficient to imprison a defendant pending Grand Jury action, such a proceeding is more than sufficient where only his property interests are at stake. In this court’s experience over the past eight years, preliminary hearings under CPL article 180 take less than two hours generally, and adequately address the important issue of whether it is reasonable to hold a defendant in custody for action of a Grand Jury.
*852 III. FINDINGS OF FACT UPON THE HEARING.
The People have demonstrated reasonable cause to believe the defendant was driving a motor vehicle in violation of section 1192 (2) and (3) of the Vehicle and Traffic Law. The credible evidence adduced at the hearing shows that at approximately 3:52 a.m. Police Officer Keith Garrabrant, while travelling southbound on Kings Highway in Valley Cottage, observed a motor vehicle drive off of the roadway and strike a sign. The vehicle then started to back up, then stopped and the operator exited the vehicle. The operator looked at the damage to his vehicle from the accident, and as the officer "approached him he looked at the officer and began to flee the scene on foot”. The officer then identified Christopher Giacopelli as the party who exited the vehicle after the accident and prior to fleeing the scene.
The People then called Police Officer Peter Monroe who was the second officer to arrive at the scene of the accident on November 28, 1996. Officer Monroe testified to his extensive background and training as a police officer and stated that he had responded to assist Officer Garrabrant and had occasion to speak to the operator of the vehicle whom he identified as Christopher Giacopelli, the defendant herein. The officer further testified that he "noticed a strong odor of an alcoholic beverage on his breath. That he did have glassy eyes. He slurred while speaking, swayed while standing”. (Transcript, at 126.) The officer also testified as to "standardized field sobriety tests” which were attempted by the defendant at the request of the officer. {See, transcript, at 127 et seq.) The defendant displayed an inability to perform the coordination tests which the officer had requested. The officer also believed that the defendant was intoxicated.
The only issue raised by the defendant as concerns the proof offered at the hearing is that a certificate of conviction of the defendant had a mistaken date of birth. However, it should be noted that the conviction occurring within the previous five years, specifically on December 19, 1994, was a conviction which was adjudicated in this very court. As such, the court called for the file, reviewed the certification of conviction against the file and took judicial notice of the fact that the defendant’s date of birth was correctly stated on this court’s file and all of the papers contained therein as June 20, 1971 and amended the certificate of conviction accordingly. (See generally, Prince, Richardson on Evidence § 2-101 et seq. [Farrell 11th ed].)
*853 Based upon the exhibits offered and the testimony at the hearing, this court finds that the defendant did in fact commit a violation of section 1192 (3) of the Vehicle and Traffic Law and that the defendant committed such offense at a time within a fiveyear period, as measured from a prior conviction of Vehicle and Traffic Law § 1192 (1), driving while impaired, which occurred on December 19, 1994. This court has also examined the simplified traffic informations, the supporting deposition-bill of particulars which accompany it, as well as a certification of the breathalyzer operator, and also finds reasonable cause to believe that the defendant has committed a violation of section 1192 (2) of the Vehicle and Traffic Law.
This court also finds that the defendant has failed to rebut the necessary evidence offered by the People to the extent that this court would be deprived of reasonable cause to believe the defendant committed a violation of section 1192 (2) and (3) within five years from his prior conviction, and as such, the People have met their burden of proof on the hearing in this matter.
The defendant’s contention that this court, at the hearing, relied upon a Department of Motor Vehicles (DMV) abstract is clearly erroneous. This court relied upon the court file and later a certificate of conviction as amended by this court on January 9, 1997 in order to establish the identity of the defendant and to support the defendant’s prior conviction. The court file contains bench minutes, accusatory instruments and all of the other usual documents concerning the defendant and the defendant’s Vehicle and Traffic Law § 1192 (1) conviction. Judicial notice of such matters makes it unnecessary to address any issues concerning CPLR 4518 (c) relative to the sufficiency of documents presented. (See, Pringle v Wolfe, 88 NY2d, supra, at 432.)
IV. AS TO RESTORATION OF DEFENDANT’S DRIVING PRIVILEGES BASED UPON THE VIOLATION OF HIS DUE PROCESS RIGHTS TO A PRESUSPENSION HEARING
The defendant blandly asserts the proposition that once a violation of the defendant’s right to a hearing prior to a Vehicle and Traffic Law § 1193 (2) (e) (1) suspension has taken place, it cannot thereafter be cured. Defendant cites no case law to support its position. Unlike Matter of Plumley v Leuenberger (131 Misc 2d 543), where no hearing at all was held in compliance with section 1193 (2) (e) (1), in the case at bar a full hear *854 ing was accorded the defendant, albeit after suspension. This court now having before it all of the proof necessary to support a suspension can see no reason why the defendant’s privileges should be restored. (See also, Matter of Kinney v Bortle, 136 Misc 2d 68.)
To the extent this court has the discretion and jurisdiction, in the event defendant’s privileges are subsequently suspended based upon a conviction for any one of the violations charged, this court could issue a notation on the suspension order that the prehearing suspension period, specifically the period between December 9th and the present, be credited towards the ultimate suspension period. Furthermore, failing the DMV’s adherence to this court’s notation upon, its suspension form, the defendant may have a right to commence a proceeding in Supreme Court pursuant to CPLR article 78. (See, CPLR 7801, 7803 [3].)