■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. HAISHUN, Appellant. [656 NYS2d 660] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered March 28, 1996, convicting him of driving while intoxicated, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On November 3, 1995, the defendant was arrested and charged with two counts of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and (3). On November 8, 1995, his driver's license was immediately suspended pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7), pending prosecution on the charges. He subsequently pleaded guilty to one count of driving while intoxicated and was sentenced by the court.

The defendant contends that his conviction was obtained in violation of the constitutional protection against double jeopardy, which includes protection from multiple punishments for the same offense *(see, North Carolina v Pearce,* 395 US 711,

717; *Matter of Smith v County Ct.,* 224 AD2d 89, 90). The defendant's contention is without merit.

Although "[u]nder certain circumstances, the imposition of civil sanctions can constitute punishment for underlying criminal conduct, thereby triggering the protections of the Double Jeopardy Clause" *(People v Roach,* 226 AD2d 55, 58), it is well settled that "the constitutional prohibitions against double jeopardy and double punishment do not prevent the enactment and enforcement of both civil and criminal sanctions for the same conduct *(see, Helvering v Mitchell,* 303 US 391, 399; *Matter of Barnes v Tofany,* 27 NY2d 74, 78)" *(Matter of Smith v County Ct., supra,* at 90; *see, Cordero v Lalor,* 89 NY2d 521).

In *United States v Ursery* (518 US 267), the Supreme Court set forth a two-prong test to determine whether a civil forfeiture proceeding constitutes punishment for purposes of double jeopardy including the questions of: (1) whether the Legislature intended the proceeding to be criminal or civil in nature, and (2) whether the proceeding is so punitive that it " 'may not legitimately be viewed as civil in nature' " *(United States v Ursery, supra,* 518 US, at 288, quoting *United States v One Assortment of 89 Firearms,* 465 US 354, 366; *see also, Cordero v Lalor, supra; People v Roach, supra).*

Applying the *Ursery* two-prong test to the instant case, we conclude, as have the Third and Fourth Departments, that sentencing a defendant for driving while intoxicated after the suspension of his or her driver's license pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7), does not violate double jeopardy principles *(see, People v Roach, supra; Matter of Smith v County Ct., supra).* Suspension of a driver's license pursuant to this section "is intended to be a civil sanction for the failure to pass a chemical sobriety test and is not a criminal penalty for the underlying offense of driving while intoxicated" *(People v Roach, supra).* Moreover, "[i]t is well settled that suspension or revocation of a driver's license is a civil, not a criminal, sanction" *(People v Ferraiolo,* 223 AD2d 556, 557; *People v Roach, supra; Matter of Smith v County Ct., supra,* at 91-92).

Finally, the defendant's contention that Vehicle and Traffic Law § 1193 (2) (e) (7) violates due process is without merit *(Pringle v Wolfe,* 88 NY2d 426, 429, *cert denied* — US —, 117 S Ct 513 [1996]; *People v Roach, supra).* Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.