OPINION OF THE COURT
Ronald J. McGaw, J.
PROCEDURAL HISTORY
Defendant was charged with driving while intoxicated in *355 violation of Vehicle and Traffic Law § 1192 (2) and (3), as well as with a traffic infraction, stemming from events occurring on December 12, 1997. Defendant first appeared in court on December 15, 1997 for arraignment and for possible suspension of his driving privilege pending prosecution pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7).
On the date of defendant’s first appearance, counsel for the defendant argued for a delay in the mandatory suspension pending prosecution. The delay was requested by defense counsel so that arguments could be made regarding whether and to what extent the Court of Appeals ruling in Pringle v Wolfe (88 NY2d 426 [1996]) requires that this court hold a suspension hearing. At the request of this court, briefs were filed on the oral motion, and an additional adjournment was granted so as to allow this court to decide the issue.
ANALYSIS
Since November 1, 1994, courts have been required by statute to suspend the driving privilege pending prosecution of anyone arrested for, inter alia, driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) (i.e., driving with a .10% or greater blood alcohol level). This suspension statute has prompted numerous challenges both as to its constitutionality and its procedural requirements.
In Pringle v Wolfe (88 NY2d 426 [1996], supra), the Court of Appeals upheld the constitutionality of the statute and addressed the procedures that arraigning courts must follow before a defendant’s driving privilege may be suspended. Specifically, Pringle (at 432) provides that “the court must hold a suspension hearing before the conclusion of the proceedings required for arraignment and before the driver’s license may be suspended”.
As to the conduct of a suspension hearing, it is this court’s opinion that Pringle (supra) requires the following procedure:
(1) First, the court must determine whether the accusatory instrument is sufficient on its face;
(2) Second, the court must determine whether reasonable cause exists to believe that the defendant operated a motor vehicle while having a blood alcohol level of .10 of 1% or more by weight of alcohol in such driver’s blood as shown by chemical *356 analysis of blood, breath, urine or saliva.[1] Furthermore, these chemical analysis results must be presented in certified, documented form;
(3) Once the court is satisfied that the above two elements have been met, the court shall deem that a “prima facie” finding has been established. The defendant must then be given an opportunity to make a statement regarding (i.e., limited to) the above two issues, and to present evidence to rebut the court’s “prima facie” findings. The court may grant a short adjournment if necessary to allow the defendant to marshal evidence for this purpose.
In other words, the defendant’s opportunity to be heard and present evidence should be limited exclusively to the two issues of court inquiry regarding its prima facie finding as set forth in steps 1 and 2 of the Pringle procedure. No testimony or evidence should be allowed as to the underlying facts leading to the arrest. In addition, it is this court’s opinion that once a prima facie finding has been made by the court, Pringle (supra) thereafter shifts the burden of proof to the defendant in regard to the defendant’s opportunity to rebut the prima facie finding. Thus, the burden of proof is on the defendant in regard to step 3 of the Pringle procedure.
As to the burden of proof, this court is aware of the dicta in People v Giacopelli (171 Misc 2d 844 [1997]) discussing the nature and conduct of a suspension hearing. The Giacopelli court allowed some 155 pages of testimony over the course of a two-day hearing to determine the issue of suspension pending prosecution. More significant, however, were the court’s statements regarding the burden of proof at such a hearing (supra, at 851): “At the hearing, the court was satisfied that the accusatory instrument conformed to the requirements of CPL 100.40, and held that the People had the burden of going forward to demonstrate the existence of ‘reasonable cause’ to believe * * * that the defendant operated the motor vehicle in violation of section 1192 (2) or (3).” (Emphasis added.)
To the degree that Giacopelli (supra) holds or suggests that the People have the burden of proof at such a suspension hearing, despite there having first been a prima facie finding, this *357 court respectfully disagrees. Furthermore, while no specific time limit should be imposed as to the length of such a hearing, this court cannot conceive of any reason why a suspension hearing, limited in scope as described above, should not in the vast majority of cases be concluded in a dramatically more expeditious manner than was the case in Giacopelli.
Finally, as to the granting of adjournments where necessary to allow a defendant time to marshal evidence prior to a suspension hearing, it appears that Pringle (supra) leaves these issues to the sound discretion of the court. While Pringle (at 433) does refer to “reasonable” requests and “short” adjournments, it does not appear to apply strict limits in this regard. In the opinion of this court, a good rule of thumb may be for courts to limit such adjournments to three business days, such that a suspension hearing would be conducted at the same time as a hardship hearing.[2]
Therefore, for the reasons set forth above, all parties are directed to appear at 9:00 a.m. on April 7, 1998 for a Pringle suspension hearing and for a hardship hearing if desired by the defendant.

. Pringle (supra) appears to slightly misstate the law as to what percentage of blood alcohol content is required for suspension. Specifically, Pringle (at 432) refers to “a blood alcohol level in excess of .10 of 1% as shown by a chemical test”. The statute actually provides that a blood alcohol level of .10 of 1% or more is required for suspension. (Vehicle and Traffic Law § 1193 [2] [e] [7] [a].)

. “In no event shall arraignment be adjourned or otherwise delayed more than three business days solely for the purpose of allowing the licensee to present evidence of extreme hardship.” (Vehicle and Traffic Law § 1193 [2] [e] [7] [e].)