OPINION OF THE COURT
Frank J. LaBuda, J.
The People move, on September 25, 2002 at the return of Indictment No. 185-02, for the court to suspend defendant’s *174 driver’s license, without notice, pursuant to Vehicle and Traffic Law § 1193 (2) (e) (1).
Defendant, through his retained counsel, argues that the court must first hold a “Pringle hearing” prior to suspending defendant’s driver’s license pending prosecution.
Defendant was arrested on September 11, 2002 and charged with two counts of driving while intoxicated (DWI)-felony (count No. 1 — for operating a motor vehicle in the Town of Mamakating, County of Sullivan, with a blood alcohol content of .23 as shown by chemical analysis of his breath under Vehicle and Traffic Law § 1192 [2], and count No. 2 — Vehicle and Traffic Law § 1192 [3]) and a traffic infraction (Vehicle and Traffic Law § 1102).
He was brought before the Town of Mamakating Justice Court for arraignment. The Town Justice read him his rights whereupon the defendant indicated he understood said rights and that he would retain his own attorney.
The Town Justice adjourned the arraignment to September 19, 2002 for a “Pringle hearing” regarding the defendant’s blood alcohol content of .23 (Vehicle and Traffic Law § 1193 [2] [e] [7]). The Justice also set bail at $1,500 cash or $5,000 bond.
Defendant, before returning to Justice Court, was charged by Indictment No. 185-02 dated September 25, 2002 with DWI-felony.
Upon the return Indictment No. 185-02 on September 25, 2002, before your within County Court Judge, the People made application to have defendant’s driver’s license suspended, without notice, pursuant to Vehicle and Traffic Law § 1193 (2) (e) (1).
This court scheduled an arraignment for September 27, 2002 and had the defendant’s counsel informed of said date. Defendant’s counsel thereupon objected to the People’s application to suspend defendant’s driver’s license without notice, requested a Pringle hearing and a short adjournment for time to prepare for said hearing.
The issue herein is whether a due process hearing is required before the defendant’s driver’s license may be suspended pending prosecution on an indictment charging a felony DWI under Vehicle and Traffic Law § 1193 (2) (e) (1) as it is required pursuant to Pringle v Wolfe (88 NY2d 426) under Vehicle and Traffic Law § 1193 (2) (e) (7).
Offenses as well as sanctions under the Vehicle and Traffic Law for drinking/drug driving offenses are statutorily controlled.
*175 Vehicle and Traffic Law § 1193, entitled “Sanctions,” lists license sanctions under subdivision (2) and further specifies special provisions under paragraph (e) for suspension pending prosecution.
Vehicle and Traffic Law § 1193 (2) (e) (1) is entitled, “Suspension pending prosecution; procedure” and (a) allows for the suspension, without notice, of defendant’s driver’s license when the holder has been charged with a violation of Vehicle and Traffic Law § 1192 (2), (3) or (4) and he has been convicted of any violation of Vehicle and Traffic Law § 1192 within the preceding five years. But, prior to said suspension, (b) requires the court to make a finding that the accusatory instrument is sufficient upon its face and that there exists reasonable cause to believe that the holder operated a motor vehicle in violation of Vehicle and Traffic Law § 1192 (2), (3) or (4) and he has been convicted of any violation of Vehicle and Traffic Law § 1192 within the preceding five years. Further, the holder is entitled to an opportunity to make a statement regarding the issues and to present evidence to rebut the court’s findings.
Vehicle and Traffic Law § 1193 (2) (e) (7) is entitled, “Suspension pending prosecution; excessive blood alcohol content” and (a) allows for the suspension of defendant’s driver’s license when the holder has been charged with a violation of Vehicle and Traffic Law § 1192 (2) or (3) who, at the time of arrest, is alleged to have a blood alcohol content of .10 or higher. But, prior to said suspension, (b) requires the court to make a finding that the accusatory instrument is sufficient upon its face and that there exists reasonable cause to believe that the holder operated a motor vehicle when he had a blood alcohol content of .10 or higher. Further, the holder is entitled to an opportunity to make a statement regarding the issues and to present evidence to rebut the court’s findings.
In 1996 the Court of Appeals issued a decision in Pringle v Wolfe (88 NY2d 426) setting forth certain parameters for suspending a license pending prosecution under Vehicle and Traffic Law § 1193 (2) (e).
In Pringle (supra at 431), the Court found that “a driver’s license is a substantial property interest that may not be deprived without due process of law * * * .”
The Court of Appeals found that due process requires that the court must hold a suspension hearing before the conclusion of the proceedings required for arraignment and before the driver’s license must be suspended, that a prima facie showing must be established wherein the court finds that the accusa *176 tory instrument is sufficient on its face and that reasonable cause exists to believe that the driver operated a motor vehicle with a blood alcohol content of .10 or higher, that the court is in possession of the results of the chemical test in certified documented form and, if a prima facie showing has been made, that the defendant is entitled to an opportunity to make a statement or present evidence to rebut the court’s findings. (See, Pringle, supra.)
The People argue herein that Pringle (supra) is applicable to mandatory suspension under Vehicle and Traffic Law § 1193 (2) (e) (7) but not under Vehicle and Traffic Law § 1193 (2) (e) (D.
This court finds that the principles upon which the Court of Appeals based Pringle (supra) in regard to Vehicle and Traffic Law § 1193 (2) (e) (7) apply equally herein with regard to Vehicle and Traffic Law § 1193 (2) (e) (1). (See, People v Giacopelli, 171 Misc 2d 844 [Clarkstown Just Ct 1997].)
A driver’s license is a substantial property right and due process must be followed whether that property right is sought to be taken under Vehicle and Traffic Law § 1193 (2) (e) (7) or (2) (e) (1).
The statutory language of Vehicle and Traffic Law § 1193 (2) (e) (7) is almost exactly the same as Vehicle and Traffic Law § 1193 (2) (e) (1) with the one exception that one of the criteria for the taking under Vehicle and Traffic Law § 1193 (2) (e) (7) is blood alcohol content of .10 or higher while one of the criteria under Vehicle and Traffic Law § 1193 (2) (e) (1) is a prior conviction of any section of Vehicle and Traffic Law § 1192 within the preceding five years. This distinction does not mollify one’s due process rights under Pringle.
Other than the one difference in criteria above, both Vehicle and Traffic Law § 1193 (2) (e) (7) and Vehicle and Traffic Law § 1193 (2) (e) (1) require a hearing, the court making a finding under a prima facie showing by the People and the defendant having the opportunity to offer evidence to rebut the court’s findings.
Based upon the above, it is ordered that the application by the People for the immediate suspension of the defendant’s driver’s license prior to arraignment is denied.