*552 OPINION OF THE COURT
Michael G. Hayes, J.
Defendant stands accused of the following crimes: aggravated driving while intoxicated, a class A misdemeanor, in violation of section 1192 (2-a) (a) of the Vehicle and Traffic Law; and driving while intoxicated, a class A misdemeanor, in violation of section 1192 (3) of the Vehicle and Traffic Law.
Defendant was issued an appearance ticket at the time of her arrest, directing her to appear before the Town of LaGrange Court on March 15, 2016. Defendant appeared at the designated time with counsel, was arraigned, and entered a plea of not guilty to all charges.
During the arraignment, the People requested that the court suspend defendant’s driver’s license pending prosecution pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (i.e., the “prompt suspension” law). Defendant objected because the New York State Police breath alcohol analysis record that has been filed with the court does not bear an original signature. The People asserted that, while a certified breath alcohol analysis record must be filed under the prompt suspension law, there is no requirement that the certification bear an original signature.
I declined to suspend defendant’s license during the March 15 arraignment, and offered both attorneys the opportunity to submit letter briefs laying out their respective positions and citing any relevant case law. By letter dated March 23, 2016, defendant continues to argue that an original certification is necessary to satisfy the minimum due process requirements set forth in Pringle v Wolfe (88 NY2d 426 [1996]). By letter dated March 30, 2016, the People assert that copies of the certified breath alcohol analysis record may be properly relied upon under the prompt suspension law.
A court must hold a hearing before a driver’s license may be suspended under the prompt suspension law. (Pringle v Wolfe, 88 NY2d 426, 432 [1996].) At that hearing, the court must determine whether the accusatory instrument is sufficient on its face. If so, the court must then determine whether there is reasonable cause to believe that the driver operated the motor vehicle while having a blood alcohol level of .08% or more, as shown by a chemical test {id. at 432). “The court may not order suspension of the license unless it has in its possession the results of the chemical test.” {Id. at 432.) “[T]hese results must be presented to the court in certified, documented form {see, CPLR 4518 [c]).” {Id. at 432.)
*553 The two cases cited by defendant merely state that the chemical test results must be presented in certified, documented form, without any discussion as to whether an original signature is required in order for a certification to be valid. (See People v Foggia, 19 Misc 3d 1132[A], 2008 NY Slip Op 50974[U] [Crim Ct, Queens County 2008]; People v Green, 176 Misc 2d 354, 356 [Poughkeepsie City Ct 1998].) Likewise, the one case cited by the People merely states that photocopies of documents establishing the accuracy of a breathalyzer may be treated as originals for purposes of the best evidence rule pursuant to CPLR 4539. (See People v Roach, 226 AD2d 55, 60 [4th Dept 1996].) However, Roach only addresses the best evidence rule. It does not also address the question of whether a certification must bear an original signature in order to lay an effective business records foundation pursuant to CPLR 4518 (c).
Therefore, none of the cases cited by the parties addresses the discrete question presented in this case, to wit: Under the prompt suspension law, must the certified breath alcohol analysis record that has been filed with the court bear an original signature? Since Pringle expressly requires that the certification be provided pursuant to CPLR 4518 (c), the answer to this question will turn on whether that statute can be deemed to permit the use of a photocopied signature.
In the context of the best evidence rule, CPLR 4539 expressly permits the introduction of photocopies in lieu of an original. Similarly, CPLR 4540 expressly permits the use of a facsimile signature to authenticate certain official government records. However, these statutes only deal with issues of authentication and best evidence, and do not address the business records exception to the hearsay rule contained in CPLR 4518 (c) (see Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, CPLR 4539 [“It must also be remembered that CPLR 4539(a) relates only to the issue of whether copies of documents are acceptable in lieu of originals. Copies of documents prepared in the ordinary course of business are still subject to all other rules of evidence, including relevancy and hearsay. The business records hearsay exception in CPLR 4518(a) often provides . . . ground(s) for the admissibility of business records”]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, CPLR C4540:l [“When a public record is offered into evidence, at least two issues are presented: (1) Are the contents of the public record admissible over a hearsay objec *554 tion? and (2) (i)s the public record genuine; or if a copy is proffered, is it a genuine copy of the original on file in the relevant public office? CPLR 4540 addresses only the second issue, which is a matter of authentication. The hearsay issue is addressed by such miscellaneous statutory provisions as CPLR 4518”]).
Unlike CPLR 4539 and 4540, the business records exception contained in CPLR 4518 (c) does not expressly authorize the use of a facsimile or photocopied signature. Given the absence of such express statutory authority, I find that a breath alcohol analysis record must bear the original signature of the person who certified it for purposes of the prompt suspension law. (See People v Sykes, 167 Misc 2d 588, 590 [Sup Ct, Monroe County 1995] [“(a) copy of a certification is tantamount to no certification, so the certification here was insufficient for the admissibility of the document” (citation omitted)], affd 225 AD2d 1093 [4th Dept 1996]; see also People v Brown, 128 Misc 2d 149, 155 [Monroe County Ct 1985]; People v Hoats, 102 Misc 2d 1004, 1007 [Monroe County Ct 1980].)